PALOU, DEMANDANTE Y APELANTE, *v.* ASPURUA ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre rendición de cuentas.

No. 1975.—Resuelto en mayo 29, 1919.

TUTELA—ACCIONES ENTRE TUTOR Y PUPILO—PRESCRIPCIÓN.—El término de cinco años fijado por el artículo 296 del Código Civil Revisado para la extinción de las acciones que recíprocamente asistan al tutor y al menor por razón del ejercicio de la tutela, debe contarse a partir de la fecha en que el menor quede emancipado.

ID.—MENORES DE EDAD—ACCIONES PERSONALES—PRESCRIPCIÓN.—El artículo 1833 del Código Civil Revisado quedó derogado por el 40 del Código de Enjuiciamiento Civil. Por virtud del último precepto la prescripción no corre contra algunas personas, entre ellas los menores de edad, hasta que la incapacidad haya desaparecido, cuando se ejercitan acciones que no sean la de recobrar propiedad inmueble.

ID.—PRUEBA—ALEGACIONES—NON SUIT.—Habiendo declarado bajo juramento el propio demandante en este pleito que el tutor jamás le entregó sus bienes de los cuales se había hecho cargo, ni le rindió cuentas de su gestión, y ha-

biéndose presentado en evidencia documentos creditivos de que el tutor intervino como tal arrendando bienes en los cuales tenía participación el menor y otorgando carta de pago de las rentas de bienes arrendados en los que su pupilo era condómino, y siendo además jurada la demanda y no jurada la contestación, cometió error la corte sentenciadora al desestimar la acción del demandante declarando con lugar la moción de *non suit* presentada por los demandados.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Fernando Vázquez.*

Abogado de los apelados: *Sr. Arturo Aponte, Jr.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Jaime Palou presentó una demanda en la Corte de Distrito de Humacao contra Emilia Aspurua, viuda de Palou y Pedro, Ana María y Emilia Palou y Aspurua, sobre rendición de cuentas, alegando sustancialmente que Bartolomé Palou, esposo de la primera demandada y padre de los otros demandados, fué nombrado tutor del demandante y se hizo cargo de sus bienes y los administró durante varios años, sin entregar al demandante cantidad alguna ni rendir cuenta de la tutela. El tutor se hizo cargo de los bienes en 1902 y falleció el 12 de marzo de 1912. El demandante entró en su mayor edad el 10 de mayo de 1912. La demanda, que está jurada, se interpuso el 23 de abril de 1917, y pide a la corte que condene a los demandados a rendir cuenta justificada de la tutela que desempeñó su causante.

Los demandados excepcionaron la demanda por no aducir hechos suficientes para determinar una causa de acción. "Entre otras razones, los demandados alegan en apoyo de esta excepción, el hecho de que la acción ejercitada ha prescrito de acuerdo con lo prevenido en el artículo 296 del Código Civil de Puerto Rico." La excepción fué desestimada por la corte. Esta admitió que había transcurrido un término mayor de cinco años entre la fecha de la muerte del tutor y la de la interposición de la demanda, pero sostuvo que habiendo arribado el menor a su mayor edad el 10 de mayo de 1912, el término fijado por la ley comenzaba a correr a

partir de esa última fecha, de acuerdo con lo dispuesto en el artículo 40 del Código de Enjuiciamiento Civil, y, computado así, era necesario concluir que no había aun transcurrido cuando la demanda fué interpuesta.

Los demandados presentaron una moción de eliminación que fué declarada también sin lugar y contestaron entonces la demanda limitándose a negar "cada una y todas las alegaciones" de la misma.

En el acto de la vista la parte demandante presentó su prueba consistente en documentos y en la declaración de un testigo, el propio demandante. Los demandados presentaron una moción de *non suit* que fué declarada con lugar, decidiéndose en su consecuencia en su favor el pleito. La corte de distrito se expresó en su resolución, así:

"Como alegación esencial de esta demanda, el demandante ha consignado que los demandados no han rendido esa cuenta en ninguna fecha, alegación ésta que debe ser mantenida por la prueba Negado este hecho por los demandados en su contestación &ast; &ast; &ast; el demandante presentó como única evidencia en apoyo del hecho fundamental controvertido sobre la no presentación de cuentas por el tutor, el expediente de esta corte de distrito No. 4780, sobre incapacidad de Dolores Jiménez, en el cual no existe prueba alguna tendente a justificar la predicha alegación.

"Los demandados una vez terminada la evidencia del demandante, formularon una moción de *non suit*, solicitando que fuera desestimada la demanda por no haber sido probados los hechos fundamentales de la misma, y. entre ellos el relativo a la no rendición de cuentas alegada.

"Sin entrar en los demás extremos de la moción, algunos de los cuales tienen bastante importancia, como es el relativo a la prescripción de la acción ejercitada, la corte es de opinión que ha habido una ausencia total de prueba, toda vez que ha dejado de aportarse evidencia que mantenga la alegación generadora de la causa de acción ejercitada. Y siendo ello así, y teniendo los demandados a su favor la presunción de que han acatado la ley presentando las cuentas de la tutela, procede se declare con lugar la moción de *non suit* presentada por dichos demandados, y en su consecuencia sin lugar la demanda del presente caso. El demandante debe satisfacer las costas."

El demandante apeló para ante este tribunal y la vista del recurso se celebró sin la asistencia de las partes. Sólo el apelante presentó su alegato escrito.

1. La primera cuestión que debemos estudiar y resolver es la relativa a la prescripción.

Dice el artículo 296 del Código Civil invocado por los demandados:

"Las acciones que recíprocamente asistan al tutor y al menor por razón del ejercicio de la tutela, se extinguen a los cinco años de concluir ésta."

¿Cuándo concluyó la tutela en este caso? Se sostiene que a la muerte del tutor. ¿Pero es esa la conclusión que tenía en mente el legislador al redactar el artículo 296? La existencia del artículo 287 del mismo código y los precedentes históricos imponen una respuesta en la negativa.

Expresamente dispone el legislador cuándo concluye la tutela, así:

"Artículo 287—Concluye la tutela—

"1. Por llegar el menor a la edad de veinte y un años, por la adopción, y por la emancipación, con las limitaciones de la ley.

"2. Por haber cesado la causa que la motivó, cuando se trata de incapaces, sujetos a la interdicción o pródigos."

Ambos preceptos de ley, el artículo 287 y el 296 citados, forman parte del Título X del libro primero del Código Civil dedicado por completo a la institución de la tutela y deben interpretarse en relación el uno con el otro y con el pensamiento fundamental de los autores del Código.

Esta acción que asiste a los que están o estuvieron sujetos a tutela para exigir a sus tutores que rindan cuenta de su actuación, ha sido siempre reconocida. " * * * e tal demanda como ésta", dice la Partida 6ª., Título XIX, ley 2ª., "puede fazer el menor en todo el tiempo fasta que sea de edad cumplida de veynte e cinco años; *e aun en quatro años después desso*: e non tan solamente puede el menor

fazer demanda fasta este tiempo, mas aun sus herederos.''
(Las itálicas son nuestras).

Falcón, en su Código Civil, tomo 1, pág. 291, al pie del
artículo 287 del Código Civil español, igual al 296 del nues-
tro consigna la siguiente nota:

"Según el proyecto de 1851, artículo 266, debían durar diez años.
El de 1882 propuso, en su artículo 253, que durasen sólo cinco
años.   Duran diez años, según los códigos francés, artículo 475, e
Italiano, artículo 309.

"Según el código de Chile, artículo 425, dura cuatro años; lo
mismo disponen el de Méjico, en su artículo 665, y el del Uruguay,
en su artículo 381.   El de Guatemala, artículo 414, le da cinco años
de duración.

"Todos los códigos disponen que el término de la acción se cuente
desde que el menor se hubiere emancipado.''

Y así debe ser en efecto, porque sólo cuando el menor se
ha emancipado es que puede comenzar a considerársele con
plena capacidad para el ejercicio del derecho que à él perso-
nalmente, o a sus herederos en su caso, les reconoce la ley.

Pero si esa no fuera la justa interpretación del artículo
296 del Código Civil, estaría siempre sostenida la resolución
de la corte de distrito por lo preceptuado en el artículo 40
del Código de Enjuiciamiento Civil, que es como sigue:

"Artículo 40.—Si la persona con derecho a ejercitar una acción,
que no sea la reivindicatoria de propiedad inmueble, fuese al tiem-
po de nacer la causa de la acción—

"1. Menor de edad; o

"2. Demente; o

"3. Encarcelada por acusación criminal, o cumpliendo sentencia
por convicción en causa criminal por un término no menor que el de
su vida natural; o

"4. Una mujer casada siendo su esposo parte necesaria con ella
para principiar tal acción; el tiempo que dure tal incapacidad no
se considerará parte del tiempo fijado para empezar a ejercitar la
acción.''

"El artículo 1833 del Código Civil revisado'', dijo esta
Corte Suprema, por medio de su Juez, Sr. Aldrey, en *Ibáñez*

v. *Diviñó,* 22 D. P. R. 518, "que empezó a regir en el año
1902 y que dispone que los derechos y acciones se extinguen
por la prescripción en perjuicio de toda clase de personas,
incluso las jurídicas, en los términos prevenidos por la ley,
ha sido derogado por el artículo 40 del Código de Enjuicia-
miento Civil que empezó a regir en el año 1904, según el
cual la prescripción no corre contra algunas personas, entre
ellas las menores de edad, hasta que la incapacidad haya
desaparecido, cuando se ejercitan acciones que no sean la
de recobrar propiedad inmueble."

2. Examinemos la segunda cuestión. No estamos confor-
mes con la afirmación que hace la corte sentenciadora acerca
de que "el demandante presentó como única evidencia en
apoyo del hecho fundamental controvertido sobre la no pre-
sentación de cuentas por el tutor, el expediente de esta Corte
de Distrito No. 4780, sobre incapacidad de Dolores Jiménez,
en el cual no existe prueba alguna tendente a justificar la
predicha alegación." Examinada la exposición del caso, cons-
ta que el expediente a que parece referirse la corte es el
relativo a la inscripción de la tutela testamentaria del me-
nor Jaime Palou y a la de la incapacitada Dolores Jiménez.
En realidad de verdad el hecho de que no aparecieran en-
tre las constancias de dicho expediente las cuentas que de-
bió rendir el tutor, no es prueba concluyente de que no las
rindiera. Pero esa no fué la única evidencia. Declaró, co-
mo dijimos, el propio demandante, quien bajo juramento
sostuvo que jamás el tutor le entregó sus bienes, de los cua-
les se había hecho cargo, ni le rindió cuentas de su gestión,
y se presentaron documentos creditivos de que el tutor in-
tervino como tal arrendando bienes en los cuales tenía par-
ticipación su pupilo y otorgando carta de pago de las ren-
tas de bienes arrendados en los cuales su pupilo era con-
dómino. Además, la demanda fué jurada y ya hemos visto
en que forma contestaron los demandados.

Siendo esto así, es necesario concluir que la corte erró

al declarar con lugar la moción de *non suit* presentada por los demandados y en tal virtud que debe revocarse la resolución apelada y devolverse el caso para ulteriores procedimientos no inconsistentes con los principios enunciados en esta opinión.

*Revocada la resolución apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.