JUANA RIVERA VIUDA DE TORRES, por su propio derecho y como madre con patria potestad sobre su hija ELADIA TORRES RIVERA, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada, y ROSA HERMIDA, en su carácter de madre con patria potestad sobre sus menores hijos JOSÉ ABRAHAM y NELSON HERMIDA, recurridos.

Núm. 175.—*Sometido:* Noviembre 6, 1939. *Resuelto:* Enero 16, 1940.

*Virgilio Brunet,* abogado de la recurrente; *M. León Parra,* abogado de la demandada; *Pedro Baigés Gómez,* abogado de la Sra. Hermida, recurrida.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Juana Rivera viuda de Torres por su propio derecho y como madre con patria potestad sobre su hija Eladia Monserrate Torres Rivera interpuso este recurso de revisión contra la Comisión Industrial de Puerto Rico y Rosa Hermida en su carácter de madre con patria potestad sobre sus menores hijos José Abraham y Nelson Hermida. Alegó, en resumen:

Que en mayo 18, 1939, la Comisión declaró beneficiarios del obrero José Abraham Torres a su viuda, la recurrente, a su hija legítima Eladia Monserrate, y a sus supuestos hijos adulterinos José Abraham y Nelson Hermida, fijando a cada uno la cuarta parte de la compensación;

Que dentro de diez días la recurrente solicitó reconsideración de su orden a la Comisión y ésta la negó en junio 12, 1939;

Que los hechos del caso, que no se discuten, ocurrieron como sigue:

El obrero José Abraham Torres sufrió un accidente del trabajo que le produjo la muerte en octubre 23, 1935. El patrono no informó el accidente. La reclamación fué hecha por su viuda en abril 3, 1936, ante el Administrador del Fondo del Seguro del Estado que declaró beneficiarios a la dicha viuda y a la hija legítima que con ella tuvo el obrero concediéndoles por partes iguales una compensación de $1,386.62.

Que ni la madre de los hijos adulterinos ni éstos establecieron reclamación, siendo la madre del obrero fallecido

la que en junio 29, 1937, se dirigió al Administrador que denegó su solicitud, y que entonces la dicha madre reclamó ante la Comisión y ordenada por ésta una vista que se celebró en mayo 18, 1939, resolvió que se pagara una mitad de la compensación concedida a los hijos adulterinos.

Expuestos esos hechos, sostiene la recurrente que las resoluciones de la Comisión son contrarias a derecho,

1, porque la Comisión hizo aplicación indebida del artículo 6, párrafo 9, inciso B de la Ley núm. 45 de 1935 ((1), pág. 251), toda vez que no se trataba de un desacuerdo entre el Administrador y los beneficiarios, sino de uno entre los beneficiarios declarados por el Administrador y la madre del obrero, a pesar de lo cual la Comisión sin resolver el derecho de la dicha madre reclamante, procedió a reconocer el de los supuestos hijos adulterinos que nada habían reclamado;

2, porque radicada la reclamación de la madre del obrero en noviembre 5, 1937, o sea más de un año después de la muerte de su hijo, su derecho había prescrito de acuerdo con el artículo 8 de la Ley núm. 102 de 1925 (pág. 905);

3, porque la Comisión aplicó indebidamente el artículo 40 del Código de Enjuiciamiento Civil, toda vez que la única solicitud radicada ante ella no le dió jurisdicción sobre los repetidos hijos adulterinos, y

4, porque la facultad cuasi tutelar invocada por la Comisión no pudo ejercitarse para favorecer a personas que nada habían reclamado y que no tenían el status de beneficiarios ante la Comisión.

Señalado el 6 de noviembre último para la vista del recurso sólo compareció la peticionaria por su abogado, quedando el caso sometido para sentencia.

Examinando la documentación original remitida, encontramos en ella una carta dirigida por el Administrador Auxiliar del Fondo del Seguro del Estado al Jefe de la División de Reclamaciones, fechada en agosto 19, 1937, que dice:

"En el presente caso, una de las partes afectadas, o sea doña Eulalia Martínez, madre del obrero occiso, dentro de los treinta días de notificada, nos comunica la existencia de dos hijos del obrero occiso a quienes se ha ignorado en la declaración de beneficiarios. Los datos aparecen unidos a su comunicación.

"Debe procederse a una investigación, a la mayor brevedad posible a fin de determinar estos extremos."

También figura en esa documentación la investigación practicada y el informe del investigador. De este último parece conveniente transcribir las partes que siguen:

"Que Eulalia Martínez madre del obrero José ABRAHAM TORRES, declara:

"Que es madre del obrero fallecido José ABRAHAM TORRES y que vivió en unión de éste y de su querida Rosa Hermida, hasta el fallecimiento del mismo. Que su hijo era casado con Juana Rivera, pero que hacía tiempo que estaba separado de ella. Que durante el tiempo que su hijo José ABRAHAM TORRES vivió con Rosa Hermida, tuvo en la misma dos hijos llamados Juan Abraham y Nelson, que ahora tendrán la edad de seis y cinco años respectivamente; que presenció el nacimiento de estos niños y también ella sabe que José ABRAHAM TORRES fué al registro civil a inscribir dichos niños. Que éstos recibían de su padre José ABRAHAM TORRES todo lo que necesitaban. Que cuando su hijo fué lesionado la mujer que le atendió en la clínica fué Rosa Hermida y era ésta la que verdaderamente actuaba como esposa del mismo.

   *      *      *      *      *      *      *

"Que como se verá el niño Juan Abraham Torres, nacido el 25 de enero de 1932, según certificado de nacimiento adjunto, fué inscrito por José ABRAHAM TORRES como hijo suyo y de Juana Rivera.

"Que de la investigación practicada se comprueba además claramente, tanto por la declaración de la propia Juana Rivera, como de Rosa Hermida, que éste no era hijo de la primera y sí de Rosa Hermida. Que por el certificado de nacimiento que se incluye también se demuestra, que Nelson fué inscrito por Rosa Cándida Hermida Binnett, sin mencionar el padre del mismo, comprobándose con esta investigación que tanto Juan Abraham, como Nelson, son hijos de Rosa Hermida, el primero de José ABRAHAM TORRES y el segundo de padre desconocido, según certificado de nacimiento, pero según la declaración prestada en este caso, los dos son hijos de Rosa Hermida y eran mantenidos por José ABRAHAM TORRES."

Así las cosas volvió el Administrador del Fondo del Seguro del Estado a tomar bajo su consideración el caso, y decidió:

"Con fecha 17 de junio de 1937 fué resuelto este caso por el Administrador del Fondo del Seguro del Estado, declarando beneficiarios del obrero occiso a su viuda, doña Juana Rivera Vda. de Torres y a su hija legítima menor de edad, Eladia Monserrate Torres Rivera.

"Con fecha julio 31 de 1937 se recibió en esta oficina una reclamación a nombre de dos menores llamados José Abraham Torres Rivera y Nelson Hermida, alegando que los mismos eran hijos del obrero occiso y que habían sido omitidos de la declaración de dependencia por esta oficina.

"Ordenada la investigación correspondiente, el Administrador llega a la conclusión de que no se ha probado de una manera satisfactoria la relación de parentesco entre los referidos menores y su alegado padre.

"Con miras a no perjudicar los derechos que puedan tener los alegados beneficiarios, dejamos en vigor por treinta días adicionales nuestra orden de fecha 19 de agosto suspendiendo los pagos en el caso.

"Tómese debida nota por la División de Contabilidad de esta Administración.

"Notifíquese a los beneficiarios y a doña Eulalia Martínez, la aquí reclamante, advirtiéndole de su derecho a entablar apelación para ante la Comisión Industrial de P. R. dentro del término de 30 días a partir de la notificación de esta decisión."

La resolución fué notificada en octubre 8, 1937, y en noviembre 5 siguiente, se interpuso apelación contra ella para ante la Comisión Industrial por los menores Nelson Hermida y José Abraham Torres asistidos de su abuela Eulalia Martínez, por medio de su abogado Enrique Báez García.

En noviembre 8, 1937, la Comisión declaró no haber lugar a admitir la apelación por haber prescrito el término fijado al efecto por sus reglas. Pidieron reconsideración los apelantes y la Comisión acordó dar traslado al Administrador, y éste informó:

"Que en el presente caso se dictó decisión con fecha junio 17 de 1937 declarando beneficiarios del obrero occiso a su viuda doña Juana

Rivera Vda. de Torres, y a su hija legítima la menor Eladia Monserrate Torres Rivera, la cual fué notificada a la madre del obrero occiso doña Eulalia Martínez, con fecha 13 del mismo mes.

"La Sra. Eulalia Martínez no apeló de la decisión del Administrador en cuanto le perjudicaba a ella; pero nos pidió reconsideración de la misma alegando que en la declaración de beneficiarios se habían preterido a dos hijos del obrero, los menores José Abraham Torres y Nelson Hermida.

"El caso fué abierto de nuevo; pero el Administrador, al considerar la prueba aportada, llegó a la conclusión de que no se había probado de una manera satisfactoria la relación de parentesco entre los referidos menores y su alegado padre.

"La resolución final del caso en reconsideración no se dictó hasta el 5 de octubre del presente año, y fué notificada con fecha 8 del mismo mes a doña Eulalia Martínez.

"Por todo lo cual, nada tenemos que objetar a la admisión de la apelación."

La Comisión entonces tomó jurisdicción sobre el caso y ordenó señalar una vista para que las partes tuvieran la oportunidad "de hacer sus alegaciones y aportar aquella prueba que deseen, en apoyo de las mismas."

La resolución de la Comisión, dictada finalmente el 18 de mayo de 1939, dice, en lo pertinente:

"Al acto de la vista concurrieron las beneficiarias declaradas tales por la resolución del Administrador del Fondo del Estado, o sea la viuda del obrero y la hija habida en el matrimonio, representadas éstas por el Lcdo. V. Brunet, quien en verdad, apuró cuantas objeciones de carácter técnico pudieron ocurrírsele para oponerse a la reclamación que hacían los dos menores antes nombrados. Los menores comparecieron asistidos por su abuela como ya dijimos, sin defensor legal; pero estando presente el Lcdo. Atiles Moréu, abogado del Fondo del Seguro del Estado, éste asumió la representación de ellos; en la segunda vista o sea en la de 15 de noviembre estuvieron ya defendidos por el Lcdo. Pedro Baigés Gómez. La primera objeción levantada por la representación de los declarados beneficiarios por el Fondo del Estado fué, la de que teniendo estos menores su madre viva, y viniendo representados por su abuela, de acuerdo con la Ley la Comisión no debía escucharles, puesto que la representación legal correspondía en derecho a la madre. La Comisión Industrial

declaró sin lugar esta objeción, fundándose en que por la Ley de Compensaciones por Accidentes del Trabajo, la Comisión Industrial estaba investida de un poder cuasi tutelar de los obreros lesionados y de sus beneficiarios que comparecieron a reclamar la protección de la Ley núm. 45 de 18 de abril de 1935, y que una vez que la Comisión Industrial conociera la existencia de un posible derecho a favor de un obrero o de sus beneficiarios, la Comisión Industrial asumía inmediatamente su misión cuasi tutelar y comenzaba a ejercerla tomando bajo su égida aquella persona o personas que lo reclamaban. Y tanto es así que la Ley de Accidentes del Trabajo en vigor exime a los obreros de. la necesidad de comparecer por medio de abogados ante la Comisión Industrial, indicando con ello que el Legislador confiaba el reconocimiento de los derechos reclamados al cuidado y protección de la Comisión Industrial.

''La segunda cuestión levantada por la representación de los parientes legítimos del obrero occiso, fué la de que de acuerdo con el Artículo 8 de la Ley núm. 102, de 1925, habiendo transcurrido con exceso un año desde que ocurrió el accidente, a la fecha en que los menores antes nombrados reclamban ante la Comisión Industrial sus derechos de beneficiarios, había prescrito su acción. No vamos a resolver en este momento si esa Ley está o no en vigor hoy; creemos que sí lo está; pero no lo resolvemos por considerarlo innecesario con el consiguiente estudio para dictar la resolución que vamos a dictar: se trata de unos niños menores de edad, de alrededor de 6 ó 7 años de edad; y siendo ello así, de acuerdo con lo dispuesto en el Artículo 40 del Código de Enjuiciamiento Civil, el tiempo que dure tal incapacidad no se considera parte del tiempo fijado para empezar a ejercitar esta acción. Véase además lo dispuesto por nuestro Hon. Tribunal Supremo en el caso de *Palou* v. *Aspurua*, 27 D.P.R. 438. Declaramos pues sin lugar la alegación de prescripción invocada por la representación de los declarados beneficiarios por el Administrador del Fondo del Estado en contra del derecho alegado por los menores de edad los niños Nelson Hermida y José A. Torres.

''De la prueba practicada no tenemos duda alguna de que estos niños nombrados Nelson Hermida y José Abraham Torres son hijos de José A. Torres, tenidos con su concubina Rosa Hermida, con quien vivió maritalmente durante un número de años en que estuvo separado de su esposa legítima, Juana Rivera. Como dijimos, el Administrador del Fondo del Estado por su resolución de 17 de junio de 1937, concedió una compensación de $1,386.62, cantidad ésta que distribuyó de por mitad entre la viuda Juana Rivera y la hija legítima

habida en el matrimonio, Eladia Monserrate Torres Rivera. La Comisión Industrial deja sin efecto esta distribución admitiendo el montante de la compensación dicha pero la cual distribuye en esta forma: para la viuda Sra. Juana Rivera $346.66, para la hija legítima Eladia Monserrate Torres Rivera $346.65, para el menor Nelson Hermida $346.65 y para el menor José Abraham Torres $346.66.''

Es ésta la resolución cuya revisión se pide por la viuda y la hija legítima del obrero fallecido por los motivos que ya expusimos al resumir el escrito interponiendo el recurso.

Hemos narrado con la suficiente amplitud los hechos y circunstancias del caso tales como resultan de los autos, a fin de que hablen por sí mismos. Hablando dicen, a nuestro juicio, que atendida la naturaleza y los fines de la ley de su creación, actuó en justicia la Comisión Industrial. Es el propósito del estatuto que la compensación sustituya en cuanto sea posible la protección que el obrero que desaparece brindaba a los que de él dependían. Y a que se cumpliera ese propósito tendió la Comisión al incluir en el reparto de la compensación acordada a los hijos adulterinos dependientes del padre fallecido.

Hemos estudiado el artículo 8 de la Ley núm. 102 de 1925 y a nuestro juicio lo que dispone no es obstáculo a la reclamación de los menores. Otorga el derecho a pedir la indemnización ante la Comisión de Indemnizaciones a Obreros que entonces funcionaba y dispone ''que, si transcurrido un año, a partir de la fecha del accidente o muerte del obrero, no se presentare dicha solicitud, el derecho del obrero o de sus herederos, queda prescrito.''

Y aquí la reclamación fué presentada en tiempo por la viuda y la hija legítima. De hecho se cumplió con la ley. Se reclamó y se acordó la compensación. Y dentro del procedimiento así tramitado, cuando no se había terminado aún de pagar la compensación, fué que comparecieron los menores a pedir la parte que de acuerdo con la letra y el espíritu de la ley les correspondía. Bajo esas circunstancias no puede sostenerse que su derecho hubiera prescrito a virtud de la indicada disposición legal.

Siendo ello así, no es necesario resolver la otra cuestión que se levanta o sea la de si en un procedimiento de esta naturaleza es o no aplicable lo que para el ejercicio de las acciones prescribe el artículo 40 del Código de Enjuiciamiento Civil.

*No ha lugar a la revisión solicitada.*