ANTONIA RODRÍGUEZ VDA. DE DENIZARD, por sí y en representación de sus menores hijos MARTÍN y OBDULIA DENIZARD RODRÍGUEZ, recurrente, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO, demandada, y FONDO DEL SEGURO DEL ESTADO, asegurador.

Núm. 214.—*Sometido:* Enero 12, 1941.  *Resuelto:* Febrero 25, 1941.

*Buenaventura Esteves,* abogado de la recurrente; *Virgilio Brunet,* abogado de Isabel María Rosario y Heriberto Irizarry, beneficiarios.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

La viuda de Denizard y sus dos hijos legítimos como beneficiarios del obrero Miguel Denizard, solicitan de esta corte que revise y anule la resolución de la Comisión Industrial de agosto 3, 1940, por virtud de la cual se declararon también beneficiarios a dos hijos ilegítimos del obrero.

A ese efecto alegan que el obrero, trabajando bajo el patronato de Miguel F. Gil, sufrió un accidente en septiembre 14, 1937, a consecuencia del cual falleció en marzo 17, 1939; que en agosto 14 siguiente el Fondo del Seguro del Estado declaró beneficiarios a los recurrentes o sea la viuda y los hijos legítimos del obrero, concediéndoles una compensación de $1,421.29 para ser distribuída por partes iguales entre los tres; que en agosto 21, 1939, la firma de abogados Brunet y Casiano, en representación de Juana Rosario como madre con patria potestad sobre la menor Isabel María Rosario, y de Petra Adarich Rodríguez como madre de crianza del menor Heriberto Irizarry, alegando que ambos menores eran hijos adulterinos del obrero y dependían de lo que éste ganaba para su subsistencia, recurrió para ante la Comisión Industrial de la resolución del administrador por entender que se les había preterido, y que celebrada la vista correspondiente la comisión declaró beneficiarios a los dichos

hijos adulterinos y solicitada reconsideración se negó a ello, siendo lo resuelto por la comisión injusto, erróneo y contrario a la ley y a los hechos por los siguientes motivos:

"(a) Porque en la misma se resuelve que el niño Heriberto Irizarry dependía del jornal del obrero para su sostenimiento, siendo así que Petra Adarich (madre de crianza de dicho niño) declaró bajo juramento ante el Administrador del Fondo del Seguro del Estado, 'que el supuesto padre de dicho niño no le daba nada', declaración que tuvo en cuenta el administrador para determinar que no existía dependencia total ni parcial y denegar la compensación que solicitó dicha madre de crianza. (Esta declaración obra en los autos del caso y se presentó como prueba ante la comisión al objeto de impugnar la veracidad de la testigo Petra Adarich, que declaró lo contrario en la vista ante la comisión);

"(b) Porque dicha resolución está en pugna con lo que dispone el Código Civil en sus artículos 116 y 117, ya que la señora Juana Rosario (una de las apelantes ante la Comisión Industrial) aparece ser una mujer casada con Angel Santiago—que vive—y su hija Isabel María Rosario, cuyo verdadero apellido es *Santiago*, es fruto de este matrimonio y aparece inscrita en el Registro Civil con el nombre de Isabel María SANTIAGO, hija legítima de Angel Santiago y Juana Rosario, según certificación de dicho registro obrante en los autos y que tuvo ante sí el Administrador del Fondo del Estado para resolver el caso en primera instancia, por lo que dicha niña no es tal hija adulterina del obrero occiso, y la actuación de la madre al presentarla como hija adulterina del obrero 'después de la muerte de éste' equivale a una impugnación de la legitimidad de su hija, cosa que no puede hacer la madre, y equivale también a un ataque colateral a la inscripción de su nacimiento, lo cual tampoco puede hacerse sin permiso de la corte de distrito competente;

"(c) Porque dicha resolución es contraria a lo que dispone el art. 5, inciso 2 (sic), de la Ley de Compensaciones por Accidentes del Trabajo, pues la compensación no ha sido distribuída según lo dispone dicha ley, ya que a hijos adulterinos (sin que aceptemos que lo sean) se les ha asignado una compensación igual que a la viuda y a los hijos legítimos."

Los tres motivos transcritos constituyen los errores señalados en el alegato presentado luego por la recurrente.

■ El primero no puede ser tomado en consideración, ya que se trata de un error de hecho y no de derecho. Si el

menor Irizarry dependía o no total o parcialmente de lo que ganaba su padre el obrero fallecido, es cuestión que la comisión decidió en sentido afirmativo de acuerdo con la evidencia que se le presentara. Y la circunstancia de que la testigo Adarich declarara en la comisión de modo distinto a como declaró ante el administrador, no quiere decir que, como cuestión de derecho, la comisión estuviera impedida de darle crédito a lo que ante ella dijera.

■ También el error segundo envuelve una cuestión de hecho. Para llevarlo al campo del derecho, se insiste en que la comisión no pudo pasar por encima de lo preceptuado en el artículo 116 del Código Civil al efecto de que la legitimidad sólo puede impugnarse por el marido, que vivía en este caso, y de lo prescrito en el seis de la Ley de Registro Civil, con respecto a que firmada una inscripción, no podrá hacerse en ella rectificación, adición o enmienda que la altere substancialmente, sino a virtud de orden de la corte de distrito.

Si no se tratara de la aplicación de la Ley de Compensaciones por Accidentes del Trabajo, la situación sería distinta, pero tratándose de esa ley, la facultad de la comisión para llegar directamente a la fijación de la dependencia, es clara. Es el propósito del estatuto, se dijo por esta misma corte en el caso de *Rivera* v. *Comisión Industrial,* 55 D.P.R. 878, que la compensación sustituya en lo posible la protección que · el obrero fallecido brindaba a los que de él dependían. Y en ese caso se trataba también de un hijo adulterino y estaba envuelta una inscripción del registro civil.

Lo que la comisión resuelve no tiene más alcance que el de los límites del propio caso de la compensación. La inscripción del registro civil seguirá en pie a no ser que sea anulada por una corte con jurisdicción para ello, de acuerdo con la ley.

Pudiendo actuar la comisión en la forma en que lo hizo, resulta, como dijimos al principio, que se trata de una cuestión de hecho que la ley que otorga el recurso no autoriza

que se discuta y resuelva en el mismo. Ley núm. 45 de 1935. ((1) pág. 241, artículo 11).

En cuanto al tercer error o sea que la Comisión no estaba autorizada para hacer la distribución, autoridad que sólo tiene el administrador de acuerdo con el artículo 3, inciso 5 de la Ley de Compensaciones por Accidentes del Trabajo, bastará decir que en efecto esa facultad corresponde al administrador, pero que ello no implica que apelado un caso para ante la comisión, al resolverlo ésta tomando en cuenta los hechos y la ley, no pueda dictar la resolución que proceda y que debió haber dictado el administrador y no lo hizo.

*No ha lugar a la revisión solicitada.*

El Juez Asociado Sr. Todd, Jr., no intervino.