Antonio Gómez González et als., demandantes y recurrentes, *v.* José Marques Seín y Gonzalo González por sí y como representante de su sociedad de gananciales con Erundina López, demandados y recurridos.

Número 11468.

*Sometido:* 4 de marzo de 1959.    *Resuelto:* 10 de mayo de 1960.

*Antonio Figueroa Rivera,* abogado de los recurrentes; *Buenaventura Esteves* y *Héctor Reichard,* abogados, respectivamente, de los recurridos.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El día 2 de agosto del año 1954, la Sucesión de don Antonio Gómez Collazo, compuesta por su viuda doña Angélica González, sus hijos legítimos Olga, Nilda y Antonio y su nieta, Finda Moliere, interpuso demanda ante la Sala de Aguadilla del Tribunal Superior contra don José Marques Seín y don Gonzalo González sobre nulidad de procedimiento ejecutivo hipotecario, reivindicación de finca rústica y daños y perjuicios.

En la demanda se alega que en julio de 1920, don Antonio Gómez Collazo por sí y como apoderado de su esposa constituyó hipoteca voluntaria sobre dos fincas rústicas a favor del demandado Marques Seín para garantizar un crédito de $8,000, sus intereses al 10 por ciento anual y una suma de $300 para gastos y honorarios de abogado en caso de ejecución; que el deudor Gómez Collazo falleció en diciembre de 1920 y en 1 de mayo de 1922 el acreedor Marques Seín instó procedimiento ejecutivo hipotecario contra la sucesión del deudor culminando el mismo en la adjudicación de las dos fincas hipotecadas a favor del acreedor Marques Seín, en la subasta celebrada el día 3 de julio de 1922; que Marques

Seín inscribió el dominio de dichas fincas a su favor en el Registro de la Propiedad de Aguadilla, luego las agrupó y procedió a venderlas al co-demandado Gonzalo González por escritura pública de 15 de febrero de 1923. Por varias razones que se exponen en la demanda, se alega que el procedimiento ejecutivo hipotecario seguido por el acreedor Marques Seín es nulo e inexistente; que el disfrute, posesión y dominio de dicha finca por parte del acreedor ejecutante primero y después por el co-demandado Gonzalo González, desde el día de la subasta y hasta la radicación de la demanda, ha sido ilegal, de mala fe, sin justo título y contrario al derecho de sus legítimos dueños, los aquí demandantes. Termina la demanda con la súplica de que (*a*) se decrete la nulidad del procedimiento ejecutivo hipotecario; (*b*) se ordene la entrega de la posesión de la finca a los demandantes, y (*c*) se condene a Marques Seín a pagarles la suma de $500 y Gonzalo González la suma de $40,000 en concepto de daños y perjuicios, debiendo deducirse de estas cantidades cualquier suma que los demandantes adeuden a los demandados.

El tribunal de instancia dictó sentencia desestimando la demanda en cuanto al co-demandado José Marques Seín por el fundamento de que habiendo dicho demandado adquirido la finca en litigio mediante subasta pública celebrada el día 3 de julio de 1922, la acción ejercitada en su contra había prescrito. En apelación resolvimos que la acción sobre nulidad e inexistencia del procedimiento ejecutivo hipotecario nunca prescribe y en su consecuencia revocamos la sentencia apelada y devolvimos el caso para ulteriores procedimientos. Sentencia de este Tribunal de 6 de septiembre de 1955.

Una vez devuelto el caso por nosotros para ulteriores procedimientos, el otro co-demandado radicó una moción solicitando sentencia sumaria a su favor fundándola en que (*a*) la acción reivindicatoria estaba prescrita, y (*b*) él había adquirido la finca en litigio por la prescripción extraordi-

naria ya que la había poseído y disfrutado en concepto de dueño, ininterrumpidamente pública y pacíficamente por más de 30 años a la fecha de la radicación de la demanda. A esta moción acompañó copia certificada de la escritura de compraventa otorgada a su favor por don José Marques Seín en 15 de febrero de 1923, debidamente inscrita en el Registro de la Propiedad de Aguadilla, una declaración jurada suya y declaraciones juradas de otras tres personas.

Los demandantes radicaron una oposición a la solicitud de sentencia sumaria pero no presentaron contradeclaraciones juradas. Su oposición la basaron en que no estando prescrita la acción principal de nulidad e inexistencia del procedimiento ejecutivo hipotecario, tampoco lo estaban las subsidiarias de reivindicación y devolución de frutos. Atacaron además, la suficiencia de las declaraciones juradas presentadas por el demandado González.

Oídas las partes, el tribunal a quo resolvió (1) que la acción reivindicatoria estaba prescrita y, (2) que el demandado González había adquirido título de dominio sobre la finca en litigio por prescripción extraordinaria. En su consecuencia dictó sentencia sumaria desestimando la demanda en cuanto a dicho co-demandado Gonzálo González. Ese es la sentencia que ahora revisamos.

■ La corrección de esta sentencia está sólidamente sostenida por las constancias de los autos elevados a este Tribunal. Es un hecho indisputable que el co-demandado Gonzalo González ganó título de dominio sobre la finca descrita en la demanda por la prescripción extraordinaria. En la propia demanda se alega que dicho demandado ha venido poseyendo y disfrutando la referida finca desde el día 15 de febrero de 1923 y hasta la fecha de la radicación de la presente acción que lo fue el día 2 de agosto de 1954, o sea, por más de 30 años; y las cuatro declaraciones juradas establecen el hecho irrefutado de que esa posesión ha sido ininterrumpida, quieta, públicamente y en concepto de

dueño, según definimos este concepto en *Dávila* v. *Córdova*, 77 D.P.R. 136 y *Sucn. Rosa* v. *Jiménez*, 77 D.P.R. 551.(¹)

El art. 1859 del Código Civil, ed. 1930, (31 L.P.R.A. sec. 5280) dispone:

"Se prescriben también el dominio y demás derechos reales sobre los bienes inmuebles por su posesión no interrumpida durante 30 años, sin necesidad de título ni de buena fe, y sin distinción entre presentes y ausentes, salvo la excepción determinada en el artículo 475, segunda sección, capítulo I, título VII, libro segundo, de este Código." (31 L.P.R.A., sec. 1653.) (²)

Ya otros artículos del mismo código, el 376 (31 L.P.R.A., sec. 1462) y el 1841 (31 L.P.R.A., sec. 5262) han dispuesto respectivamente que sólo la posesión que se adquiere y se disfruta en concepto de dueño puede servir de título para adquirir el dominio; que la posesión ha de ser en concepto de dueño, pública y pacífica y no interrumpida. En el caso de *Dávila* v. *Córdova*, supra, expusimos los hechos que debían probarse para que se produzca la prescripción extraordinaria que establece el art. 1859, y al efecto dijimos a las páginas 150 y 151:

" . . . : Para que se produzca la prescripción extraordinaria que establece el art. 1859 del Código Civil de Puerto Rico, deben exigir nuestros tribunales de justicia la prueba de los siguien-

---

(¹) Antonio Cabán expresa en su declaración jurada que tuvo a su cargo la finca, en su capacidad de mayordomo, durante todo el tiempo que la poseyó Marques Seín, y que también la tuvo a su cargo como mayordomo empleado de don Gonzalo González desde el año 1923 hasta el año 1943; que ambos patronos poseían la finca como dueños de ella y que nunca fueron interrumpidos en esa posesión.

Nicolás Marrero depuso que tuvo a su cargo la finca como mayordomo empleado por don Gonzalo González desde el primero de marzo de 1943 hasta el 18 de agosto de 1945; que la posesión de González era en concepto de dueño y que nadie le había interrumpido en esa posesión.

Juan López Collazo depuso que ha conocido a González poseyendo la finca como dueño de ella por más de 30 años, sin que haya sido perturbado o despojado de esa posesión.

(²) La excepción que señala el artículo 475, son las servidumbres continuas no aparentes y las descontinuas, sean o no aparentes, que sólo pueden adquirirse en virtud de título.

tes hechos: (1) una posesión continuada durante treinta años sobre el inmueble, (2) por haberla así tolerado el dueño del inmueble, (3) ya que el prescribiente ha entrado en posesión del inmueble sin autorización, permiso o licencia otorgados por el dueño o en virtud de contrato celebrado con el dueño, (4) cuya posesión ha mantenido el poseedor en concepto público de dueño, de acuerdo con la creencia colectiva de la comunidad en que vive, no en virtud de la creencia propia que pueda tener el poseedor de ser él dueño del inmueble poseído y (5) cuya posesión resulte además pública y pacífica, y (6) sin que se haya interrumpido naturalmente, o sea, por abandono de la cosa por el poseedor, por más de un año, o civilmente, en virtud de diligencia judicial o notarial, o por un reconocimiento expreso o tácito del derecho del dueño hecho por el poseedor, *antes de haber transcurrido los treinta años durante los cuales se consuma la prescripción,* y (7) sin que el poseedor haya renunciado expresa o tácitamente a su título por prescripción por alguna causa que resulte eficaz en derecho para tal renuncia, después de consumada la prescripción extraordinaria."

En el presente caso todos esos hechos quedaron probados por el co-demandado González. Los demandantes no presentaron prueba en contrario. Por lo tanto, no existía una genuina controversia de hechos respecto a la adquisición por el demandado de un título de dominio, por la prescripción extraordinaria, sobre la finca en controversia. Ese título derrota la acción de reivindicación de los demandantes, y a no ser que éstos tuvieran razón en sus planteamientos, procedía la sentencia sumaria a favor del susodicho demandado. *Fernández* v. *Corte,* 71 D.P.R. 161; *Sucn. Guerra* v. *Sánchez,* 71 D.P.R. 807.

■■ Por uno de esos otros planteamientos sostienen que como para la fecha de la venta en pública subasta de la finca en controversia, los demandantes a excepción de la viuda de su causante, eran menores de edad, la prescripción de la acción empieza a correr desde que éstos llegaron a la mayoridad (*Vidal* v. *Monagas,* 66 D.P.R. 622); que la prescripción no corre durante el plazo de la menor edad (*Fuentes* v. *Tribunal,* 73 D.P.R. 959); y que la prescripción

no corre contra los menores de edad hasta que tal incapacidad haya desaparecido (*Ibáñez* v. *Diviñó*, 22 D.P.R. 518).

En el supuesto de que la misma regla fuera aplicable a la prescripción adquisitiva o usucapión, (³) cuestión esta que no es necesario resolver ahora, el planteamiento de los recurrentes carecería siempre de méritos. Veamos. En ocasiones anteriores hemos dicho que el art. 1832 del Código Civil, ed. 1930 (31 L.P.R.A., sec. 5243) preceptivo de que los derechos y acciones se extinguen por la prescripción en perjuicio de toda clase de personas, incluso las jurídicas, en los términos prevenidos por la ley, ha sido derogado por el art. 40 del Código de Enjuiciamiento Civil (32 L.P.R.A., sec. 254), (⁴) según el cual la prescripción no corre contra algunas personas, entre ellas las menores de edad, hasta que la incapacidad haya desaparecido, cuando se ejercitan acciones que no sean la de recobrar propiedad inmueble. *Ibáñez* v. *Diviñó*, supra; *Palou* v. *Aspurua*, 27 D.P.R. 438 y *Vidal* v. *Monagas*, 66 D.P.R. 622, confirmado en 170 F.2d 99, *certiorari* denegado 335 U.S. 911.

No hay duda alguna de que la acción interpuesta por los demandantes-recurrentes contra Gonzalo González persiguiendo la finca que éste posee, es la acción real reivindica-

---

(³) Véase *Ramírez* v. *Ramírez*, 65 D.P.R. 544.

(⁴) Tanto las Reglas de Enjuiciamiento Civil de 1943 como las de Procedimiento Civil de 1958 dejaron vigente el art. 40 del Código de Enjuiciamiento Civil. Dicho artículo dispone:

"§254. Personas bajo incapacidad

"Si la persona con derecho a ejercitar una acción, que no sea la reivindicatoria de propiedad inmueble, fuese al tiempo de nacer la causa de la acción:

"1. Menor de edad; o

"2. Demente; o

"Encarcelada por acusación criminal, o cumpliendo sentencia por convicción en causa criminal por un término menor que el de su vida natural; o

"4. Una mujer casada siendo su esposo parte necesaria con ella para principiar tal acción; el tiempo que dure tal incapacidad no se considerará parte del tiempo fijado para empezar a ejercitar la acción." (32 L.P.R.A., sec. 254.)

toria de propiedad inmueble y como ellos alegan un título de dominio que no nace de la declaración de nulidad o inexistencia del ejecutivo hipotecario y sí de un derecho hereditario, pudieron ejercitar su acción reivindicatoria sin necesidad de alegar la nulidad del ejecutivo hipotecario. *Oliver et al.* v. *Oliver*, 23 D.P.R. 181; *González Rodríguez* v. *Fumero*, 38 D.P.R. 556; *Monrozeau* v. *Amador*, 40 D.P.R. 132; *Sucn. Trías* v. *Porto Rico Leaf Tobacco Co.*, 50 D.P.R. 91: *Rivera* v. *Sucn. Caraballo*, 56 D.P.R. 736; *González* v. *Sucn. Díaz*, 69 D.P.R. 643. Por lo tanto, tratándose de una acción para reclamar propiedad inmueble, la prescripción corre contra menores de edad a tenor con las disposiciones del citado art. 40 del Código de Enjuiciamiento Civil.

Es cierto que en la demanda se ejercita también la acción personal de daños y perjuicios contra el demandado recurrido Gonzalo González por lo que podría argüirse que de conformidad con las disposiciones del artículo 40 del Código de Enjuiciamiento Civil, la prescripción no corrió contra los menores de edad. Sin embargo, no tenemos que decidir ahora cuestión alguna de prescripción. La razón es obvia. Dicha acción personal de daños y perjuicios se funda en el artículo 38 de la Ley Hipotecaria (30 L.P.R.A., sec. 63) y en el artículo 169 del Reglamento para la ejecución de la misma (30 L.P.R.A., sec. 1090) y se dirige contra el acreedor ejecutante que es quien se obliga "a indemnizar cuantos daños y perjuicios irrogare al deudor o a terceros interesados por malicia o negligencia en la fiel exposición de los hechos y circunstancias que ha de apreciar el juez para autorizar el procedimiento y para continuarlo". *Ríos* v. *Banco Popular*, 81 D.P.R. 378. González no fue aquí el acreedor ejecutante ni puede decirse que coadyudara en la supuesta culpa, negligencia o errores de éste. *Cf. Gutiérrez Vda. Crosas* v. *Longpré*, 44 D.P.R. 679. Por lo tanto González no viene obligado a indemnizar los daños y perjuicios que se hayan causado a los deudores, si en efecto (1) la acción personal no estuviere prescrita, y (2) el ejecutivo

sumario hipotecario fuere nulo e inexistente. Véase también art. 38 de la Ley Hipotecaria.

Por otro lado, habiendo González adquirido el dominio de la finca en litigio y no siendo el responsable de daños y perjuicios, sería un acto ilusorio e inútil devolver el caso para que en cuanto a él concierne, el tribunal a quo resolviera si el ejecutivo hipotecario es o no nulo e inexistente.

Finalmente diremos que no se nos ha convencido de que el tribunal sentenciador incurriera en error al condenar a los demandantes-recurrentes al pago de las costas y honorarios. de abogado.

*Por las razones expuestas se confirmará la sentencia sumaria dictada por el tribunal a quo.*