VICENTE MÁRQUEZ, ETC., peticionario, *v.* TRIBUNAL SUPERIOR DE SAN JUAN, HON. J. M. CALDERÓN, JR., JUEZ, demandado; ANGEL DE JESÚS MORALES, interventor.

*Número:* C–62–7 *Resuelto:* 28 de mayo de 1962

*Hartzell Fernández & Novas, A. Santiago Villalonga* en el alegato, abogados del peticionario; *Fausto Ramos Quirós,* abogado del interventor.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Santana Becerra y Rigau.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Debemos resolver si corre la prescripción extintiva contra un menor que tiene derecho a ejercitar una acción una vez que su padre o tutor haya iniciado el ejercicio de dicha acción en representación del menor.

En 22 de marzo de 1960 el codemandado Aníbal De Jesús Morales arrolló con un automóvil al menor Vicente Márquez causándole varios daños. Dentro del año siguiente al accidente, en 7 de septiembre de 1960, el padre (con patria potestad) del menor radicó una acción de daños y perjuicios contra Aníbal De Jesús, a nombre y en representación de su hijo. La demanda contenía además una causa de acción separada de la sociedad de gananciales constituída por los padres del menor y una tercera causa de acción del propio padre del perjudicado.

Mientras estaba pendiente la acción ejercitada la parte demandante vino en conocimiento de que en el momento del accidente el conductor del vehículo era empleado de la Sra. Regina Pereira y que dicho conductor actuaba en tal momento dentro de las funciones de su empleo. (Estos datos los asumimos a los efectos del problema de prescripción planteado en este recurso, pero no los estamos prejuzgando.) Pasado más de un año de la fecha del accidente y de la radicación de la demanda original, en 10 de octubre de 1961, la parte demandante, previo permiso del tribunal de instancia, incluyó a la Sra. Pereira como codemandada. Ésta radicó moción de desestimación basándose en que ella fue hecha parte un año y meses después del accidente y que por lo tanto la acción en cuanto a ella se refiere estaba prescrita. Dicha moción fue

declarada con lugar y la parte demandante solicita que revisemos esa determinación del tribunal de instancia.

La posición de la demandada puede resumirse así: El Artículo 153 del Código Civil, 31 L.P.R.A. sec. 601, impone al padre con patria potestad el deber de representar a sus hijos no emancipados en el ejercicio de todas las acciones que puedan redundar en su provecho. Al comparecer el menor representado por su padre su incapacidad jurídica queda curada y de ahí en adelante corre contra él la prescripción extintiva igualmente que en el caso de las demás personas que tienen personalidad jurídica completa. El privilegio del Artículo 40 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 254, solo subsiste por el tiempo que dure la incapacidad del menor, incapacidad que ha dejado de existir al comparecer éste representado por su padre o tutor. Como se sabe, el Artículo 40 del Código de Enjuiciamiento Civil dispone que "Si la persona con derecho a ejercitar una acción, que no sea la reivindicatoria de propiedad inmueble, fuese al tiempo de nacer la causa de la acción: menor de edad . . . el tiempo que dure tal incapacidad no se considerará parte del tiempo fijado para empezar a ejercitar la acción."

Reconocemos que la posición de la demandada no carece de lógica y que es un planteamiento intelectualmente honesto pero debemos fallar en su contra, esto es, sostenemos que la causa de acción del menor contra la demandada no está prescrita, por las razones que a continuación expresamos. ■

Es cierto que no se puede adicionar una parte como demandada después de expirado el término prescriptivo establecido por la ley para radicarse la demanda—*Bithorn* v. *Santana*, 68 D.P.R. 300, 304 (1948); *Sanders* v. *Metzger*, 66 F. Supp. 262 (1946); Barron and Holtoff, *Federal Practice and Procedure*, Vol. 1 A, Sec. 452—pero esa regla se refiere a casos en que el período prescriptivo ha corrido contra demandantes que no eran jurídicamente incapaces. De manera que dichos casos no nos resuelven el punto aquí plan-

teado.   Tampoco nos lo resuelven otros casos en que hemos considerado el Artículo 40. (¹)   ■

Desde luego, el término prescriptivo para esta clase de acciones es de un año.   Art. 1868 del Código Civil, 31 L.P.R.A. sec. 5298.   Aunque el Artículo 1832 del mismo Código, 31 L.P.R.A. sec. 5243, dispone que los derechos y acciones se extinguen por la prescripción en perjuicio de toda clase de personas en los términos prevenidos por la ley, el Artículo 40 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 254, aprobado dos años después de la citada disposición del Código Civil, modificó sustancialmente el citado Artículo 1832 al establecer que en caso de menores y otros incapaces el tiempo que dure la incapacidad no se considerará para computar el término prescriptivo.   *Gómez* v. *Márquez*, 81 D.P.R. 721, 727 (1960) ; *Ibañez* v. *Diviñó*, 22 D.P.R. 518, 522 (1915). El propósito de la excepción contenida en el citado Artículo 40 es proteger los intereses de los incapaces hasta el momento en que adquieren la capacidad jurídica necesaria para hacer valer sus derechos.   *Higgins* v. *Schneider*, 160 A.2d 165, 169 (1960) ; *Mevola* v. *Minnesota Iron Co.*, 112 N. W. 880 (1907) ; 13 Tul. L. Rev. 123.   ■

Estamos conscientes de que las reglas que establecen los términos prescriptivos de las acciones también están fundamentadas en consideraciones de orden público, esto es, que las personas no deben estar sujetas indefinidamente a ser demandadas.   Pero nos parece que cuando ambos principios chocan, como en el caso de autos, debe prevalecer la norma que tiende a proteger los intereses de los incapacitados. Puede decirse que la norma sobre los términos prescriptivos se basa en consideraciones de orden y de procedimiento mien-

---

(¹) *Gómez* v. *Márquez*, 81 D.P.R. 721, 726 (1960) ; *Santiago* v. *Pueblo*, 74 D.P.R. 211, 217, 223 (1952) ; *Pagán* v. *Registrador*, 71 D.P.R. 481, 483 (1950) ; *Rossy* v. *Martínez*, 70 D.P.R. 737, 743 (1949) ; *Torres* v. *Sucn. Cautiño*, 70 D.P.R. 646, 652 (1949) ; *Vidal* v. *Monagas*, 66 D.P.R. 622, 628, 638, 641 (1946) ; *Acha* v. *Nevárez*, 59 D.P.R. 235 (1941) ; *Palou* v. *Aspurua*, et al, 27 D.P.R. 438, 442 (1919) ; *Ibañez* v. *Diviñó*, 22 D.P.R. 518, 520 (1915) ; *Pérez* v. *Guánica Centrale*, 17 D.P.R. 963, 968, 982 (1911).

tras que la norma que comprende el Artículo 40 es una de justicia. Los tribunales han sostenido que aunque el padre o tutor haya iniciado la acción en representación del menor el término prescriptivo no corre contra el incapaz hasta que éste haya personalmente advenido a su completa capacidad jurídica. *William* v. *Board of Education of City of N. Y.*, 45 N.Y.S.2d 385 (1943); *Klosky* v. *Dick*, 103 N.W.2d 618 (1960).

El Artículo 1832 del Código Civil, 31 L.P.R.A. 5243, que procede del Artículo 1932 del Código Civil Español y que en la edición de nuestro Código de 1902 era el Artículo 1833, fue enmendado en forma significativa en el año 1930 por la Ley Núm. 48 de 28 de abril de ese año, Leyes, 1930, p. 369. El texto anterior al 1930 de ese artículo leía como sigue:

"Los derechos y acciones se extinguen por la prescripción en perjuicio de toda clase de personas, inclusas las jurídicas, en los términos prevenidos por la ley.

"Queda siempre a salvo a las personas impedidas de administrar sus bienes el derecho para reclamar contra sus representantes legítimos, cuya negligencia hubiese sido causa de la prescripción." *Compilación de los Estatutos Revisados y Códigos de Puerto Rico de 1911*, sec. 4939, p. 837.

Mediante la enmienda de 1930 se eliminó el segundo párrafo de dicho artículo, esto es, se suprimió el derecho que tenían las personas impedidas de administrar sus bienes para reclamar contra sus representantes por cuya negligencia hubiese operado la prescripción. Vemos buenas razones para la eliminación de ese párrafo y para llenar el vacío creado con lo dispuesto en el Artículo 40 del Código de Enjuiciamiento Civil.

En primer lugar, el derecho que el párrafo suprimido daba podía resultar académico en la mayor parte de los casos. Por ejemplo, el hijo (menor de edad) de padre pobre que es perjudicado por una persona solvente. Si el padre es negligente y no inicia la acción dentro del año el menor perjudicado en sus derechos no podría recobrar de su progenitor. Además podemos imaginarnos las consecuencias funestas que

tiene que producir en una familia el hecho de que el hijo demande al padre. Como dijimos en *Guerra* v. *Ortiz*, 71 D.P.R. 613, 619 (1950) reconocer la existencia de esa causa de acción "sería abrir una brecha peligrosa en la unidad de la familia, constituída bajo el régimen de la patria potestad . . . no sólo para beneficio de los hijos sino también, como comenta Manresa, para beneficio del estado, ya que interesa '. . . sumamente al buen orden y a la prosperidad social, que esté fuertemente constituída la autoridad paterna para que reine en la familia una firme y constante disciplina, de la que salgan después ciudadanos educados en el respeto a las leyes y a los magistrados de su país.' " (²)

También resultaría injusto para con los hermanos del hijo demandante que como herederos forzosos estarían siendo penalizados por la negligencia del padre ya que éste al pagar al hijo que lo demandó el importe de la sentencia que el hijo demandante obtuviese, estaría por lo general disminuyendo el futuro caudal hereditario. Por todas estas razones sociales y de justicia nos parece que debe prevalecer la regla contenida en el Artículo 40 del Código de Enjuiciamiento Civil. De esta manera el incapacitado queda protegido contra una posible negligencia de su padre o de su tutor pues al llegar a la mayoridad podrá iniciar la acción que corresponda y no se pone en riesgo la unidad de la familia ni lo que en justicia ha de corresponder en su día a los otros herederos forzosos. ■

Podemos añadir que el citado Artículo 40 es claro y no contiene la excepción que la parte demandada nos pide que hagamos. La norma contenida en dicho artículo es la ley vigente. Sostener otra cosa sería enmendar judicialmente una disposición expresa de ley; sería sustituirla por otra norma distinta. Si fuese indispensable crearíamos la norma ya que el Artículo 7 del Código Civil, 31 L.P.R.A. sec. 7, nos obliga a fallar, pero mientras haya ley aplicable debemos

---

(²) Para una excepción justificada véase *Fournier* v. *Fournier*, 78 D.P.R. 430, 434 (1955).

respetarla ya que la función de legislar es función primordial de la Asamblea Legislativa.(³)

*Por los motivos expresados anteriormente se anula la resolución recurrida y se devuelve el caso para ulteriores procedimientos.*

---

(³) En relación con disposiciones iguales o similares al Art. 40 del Código de Enjuiciamiento Civil, véase: *Developments—Statutes of Limitations*, 63 Harv. L. Rev. pp. 1177, 1229 (1950); *Proposed Statutory Revisions—Uniform Method of Computing the Period of Disability and Personal Actions*, 24 New York L.Q. pp. 198 y ss. (1949); *Comparison of the Statutes of Limitations*, 21 Ind. L. J., pp. 23, 24 y ss. (1945); *Influences of Minority Upon the Accrual of Prescription*, 13 Tul. L. Rev. pp. 123 y ss. (1938).