IBÁÑEZ, DEMANDANTE Y APELANTE, *v.* DIVIÑÓ, DEMANDADA Y APELADA.

Apelación procedente de la Corte de Distrito de Mayagüez en causa sobre nulidad de contrato.

No. 1245.—Resuelto en mayo 25, 1915.

NULIDAD DE CONTRATO—VENTA—CONTRATOS CON CAUSA FALSA—ACCIÓN PERSONAL.—Cuando la sola cuestión planteada por el demandante y que ha de resolver la sentencia es si la venta que motivó el contrato es nula porque no medió causa para él por ser falsa la que se consignó, sin que se solicite la entrega al demandante de las fincas objeto del mismo, ni que se declare que le pertenecen, tal es una acción personal.

PRESCRIPCIÓN—MINORÍA DE EDAD DEL DEMANDANTE—DEROGACIÓN DEL ARTÍCULO 1833 DEL CÓDIGO CIVIL POR EL 40 DEL DE ENJUICIAMIENTO.—El artículo 1833 del Código Civil revisado, que empezó a regir en el año 1902 y que dispone que los derechos y acciones se extinguen por la prescripción de toda clase de personas, incluso las jurídicas, en los términos prevenidos por la ley, ha sido derogado por el artículo 40 del Código de Enjuiciamiento Civil que empezó a regir en el año 1904, según el cual la prescripción no corre contra algunas personas, entre ellas las menores de edad, hasta que la incapacidad haya desaparecido, cuando se ejercitan acciones que no sean la de recobrar propiedad inmueble.

NULIDAD DE CONTRATOS—CONTRATO REAL Y EFECTIVO—CONTRATOS CON CAUSA TORPE—EXCEPCIÓN PREVIA DE FALTA DE CAUSA DE ACCIÓN.—Cuando no se trata de anular un contrato real y efectivo, aunque celebrado con causa torpe, sino simulado, excluye la aplicación del artículo 1273 del Código Civil Revisado referente a contratos con causa torpe, no constitutivo de delito ni falta. En este caso no es sostenible la excepción previa de falta de causa de acción presentada a la demanda por el fundamento de que el causante del menor demandante no podía ejercitar la acción.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

Abogado de la apelada: *Sr. José Sabater.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La cuestión a resolver en esta apelación es si ha prescrito o nó la acción que en la demanda se ejercita para obtener la declaración de nulidad de un contrato de venta de bienes inmuebles y que se cancele su inscripción en el registro de la propiedad.

El demandante es un menor de edad y, representado por su padre, alega ser heredero de su abuelo José Nicanor Pecunia y Diviñó y que éste, para defraudarle en sus derechos hereditarios, otorgó en 30 de mayo de 1908 una escritura pública de venta de varias fincas urbanas a favor de su hermana Apolinaria Diviñó, que es simulada porque se hizo constar como precio o consideración que la venta se efectuaba por adjudicación en pago de la cantidad de 11,700 dólares en equivalencia de 15,000 pesos provinciales e intereses que el vendedor debía a su hermana la compradora, cuando tal causa del contrato es falsa porque el vendedor en ningún momento adeudó a su dicha hermana cantidad alguna pues antes al contrario, tenía que ayudarla en las más perentorias necesidades de su vida.

La demanda original fué presentada en 24 de noviembre de 1913 y después de enmendada y de excepcionada por el fundamento de que la acción de nulidad que se ejercitaba en ella está prescrita, porque no aduce hechos determinantes de causa de acción, y porque es ambigua, ininteligible y du-

dosa, sostuvo el juez del Tribunal de Distrito de Mayagüez la primera de esas excepciones y se registró sentencia declarando sin lugar la demanda, contra la cual interpuso el demandante el presente recurso de apelación.

Sostiene el apelante que su acción no ha prescrito porque siendo menor de edad, el tiempo de prescripción no empieza a correr para él hasta después que llegue a su mayoría de edad de acuerdo con el artículo 40 del Código de Enjuiciamiento Civil que deregó el 1833 del Código Civil; y la parte apelada entiende con el juez sentenciador que dicho artículo 40 no tiene relación alguna con este caso porque no refiriéndose a las acciones para recobrar propiedad real, como es la que se ejercita en este pleito, es de aplicación el artículo 1268 del Código Civil, según el cual la acción de nulidad de los contratos sólo dura cuatro años.

Este pleito no tiene por objeto recobrar propiedad real pues no se solicita en él que se le entreguen las fincas objeto del contrato cuya nulidad se pretende ni que se declare que pertenecen al demandante. La sola cuestión planteada por la demanda y que ha de resolver la sentencia es si el contrato de venta es nulo porque no medió causa para él por ser falsa la que se consignó y esta acción es personal según ya ha sido resuelto por este Tribunal Supremo en los casos de *Argüeso* v. *Müllenhoff,* 5 D. P. R., 33, (2ª. ed.), y *Vázquez* v. *Vázquez,* 15 D. P. R., 90.

Resuelta esta cuestión, pasemos a considerar si el artículo 40 del Código de Enjuiciamiento Civil derogó el 1833 del Código Civil.

El artículo 1833 del Código Civil revisado, que empezó a regir en el año 1902, dispone que los derechos y acciones se extinguen por la prescripción en perjuicio de toda clase de personas, inclusas las jurídicas, en los términos prevenidos por la ley, pero quedando siempre a salvo a las personas impedidas de administrar sus bienes el derecho para

reclamar contra sus representantes legítimos, cuya negligencia hubiere sido causa de la prescripción. Si este precepto está en vigor todavía a pesar de la menor edad del demandante la prescripción de la acción de nulidad corre contra él, sin perjuicio de que pueda en su día reclamar contra su representante legítimo, su padre, por su negligencia en dejar prescribir la acción.

El Código de Enjuiciamiento Civil comenzó a regir dos años después, figurando entre sus disposiciones el artículo 40 a que nos hemos referido, y según el cual, si derogó el artículo 1833 citado, no ha prescrito la causa de acción del demandante porque no empieza a correr su prescripción de acción hasta después que haya salido de su minoría de edad.

Nuestro Código de Enjuiciamiento Civil ha sido tomado del de California, pero no se han traído todas sus disposiciones.

El título 2°. del Código de Enjuiciamiento Civil de California, contiene cuatro capítulos. El primero se refiere al tiempo en que se han de comenzar las acciones civiles; comprende un solo artículo, el 312, que sustancialmente ha sido incluído en nuestro Código de Enjuiciamiento Civil en el capítulo preliminar del título 3°., artículo 37. Después sigue el capítulo 2°., que se refiere al tiempo en que deben comenzarse las acciones para recobrar propiedad real, que abarca desde las secciones 315 hasta la 329 y cuyas disposiciones no forman parte de nuestro Código. El capítulo 3°. desde las secciones 335 y 349, que fija el tiempo dentro del cual deben ejercitarse las acciones que no tengan por objeto recobrar propiedad real tampoco ha sido incluído en nuestro estatuto. Pero sí el capítulo 4°., que contiene disposiciones generales respecto al tiempo de comenzar las acciones, que abarca las enumeradas desde el 350 al 363, que corresponden, excepto la 362 que ha sido eliminada, con los artículos 38 al 50 de nuestra ley incluído con el epígrafe de disposiciones generales en el capítulo 2°.

Como consecuencia de lo expuesto, tenemos, que llegar a la conclusión de que el Código de Enjuiciamiento de California regula el tiempo de prescripción de las varias acciones que pueden ejercitarse; que estos particulares que son los comprendidos en los capítulos 2º. y 3º.· no han sido traídos a nuestra ley y que por consiguiente el tiempo de duración de las acciones que. establece el Código Civil, no ha sido afectado por el Código de Enjuiciamiento Civil vigente. También hemos de concluir que aunque eliminados esos dos capítulos, se trajeron al Código de Procedimiento el capítulo primero dispositivo de que las acciones civiles solamente podrán deducirse dentro de los períodos prescritos en la ley, luego de existir su causa legal, a excepción de cuando en casos especiales se disponga por la ley otra prescripción, y las disposiciones del capítulo 4º., que comprende algunas disposiciones generales.

Ahora bien, si la Legislatura teniendo por base para nuestro Código de Procedimientos el de California eliminó algunas disposiciones de él y trajo otras que formaban un conjunto con las suprimidas, es porque quiso que éstas rigieran y que derogaran cualquiera otra anterior que estuviera en conflicto con ellas como se desprende claramente del artículo 361 al decir que toda ley, reales decretos, órdenes, órdenes militares, disposiciones o parte de ellas incompatibles o en conflicto con el Código, quedan derogadas; y que existe la incompatibilidad entre el artículo 40 y el 1833 del Código' Civil revisado, salta a la vista.

El Código Civil dispuso que la prescripción corriera contra toda clase de personas, y el artículo 40 dispone que no corre contra algunas, entre ellas los menores de edad, hasta que la incapacidad haya desaparecido. Por tanto, siendo el Código de Enjuiciamiento Civil posterior al Código Civil e incompatible con él en este particular, tenemos que declarar que su artículo 40 derogó al 1833 de la ley sustantiva y que la acción que ejercita el demandante no está prescrita. Inci-

dentalmente hemos hecho igual declaración en el caso de *Pérez* v. *Guánica Centrale,* 17 D. P. R., 968.

Sostiene también la parte apelada que la demanda no aduce causa de acción porque el causante del menor demandante no hubiera podido entablar la acción si viviera, y que esta incapacidad en el causante recae en su causahabiente, siendo el fundamento de esta alegación que, según el artículo 1273 del Código Civil, cuando existe culpa de parte de ambos contratantes, que no sea constitutiva de delito ni falta, ninguno de ellos podrá repetir contra el otro.

Atendiendo a los hechos que sustancialmente hemos consignado de la demanda, no puede caber duda de que la acción de nulidad que se ejercita en este caso se funda en que el contrato celebrado por José Nicanor Pecunia Diviñó fué simulado, esto es, sin que mediara causa en el contrato, con el objeto de perjudicar al demandante; y como esa acción pudo ejercitarla el causante del menor porque no se trata de anular un contrato real y efectivo aunque celebrado con causa torpe, sino simulado, excluye la aplicación del artículo 1273 del Código Civil revisado referente a contratos con causa torpe, no constitutivo de delito ni falta. Sentencia del Tribunal Supremo de España de 26 de junio de 1903. En consecuencia, el demandante tiene causa de acción para reclamar la declaración de nulidad y no es sostenible la excepción del demandado por ese fundamento.

Hemos examinado también la alegación que se hace de ser la demanda ambigua, ininteligible y dudosa, y no la encontramos sostenible.

Por las razones expuestas la sentencia apelada debe ser revocada para que sigan los procedimientos su curso ordinario.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Hutchison no intervino.