Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| SHAYDELIS DE LEÓN CASTRO, por sí y en representación de sus (2) hijas menores de edad, SRDL y ARDL<br><br>Apeladas<br><br>v.<br><br>MUNICIPIO DE SAN JUAN, Y OTROS<br><br>Apelantes | KLAN202301029 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso núm.: SJ2023CV02321 (804)<br><br>Sobre: Daños y Perjuicios (Violación de Derechos Civiles) |
|---|---|---|

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres y la jueza Rivera Pérez.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de diciembre de 2023.

Comparece ante este tribunal apelativo el Municipio de San Juan (Municipio o parte apelante) mediante el recurso de epígrafe y nos solicita la revocación de la *Sentencia Parcial y Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 29 de septiembre de 2023, notificada el 2 de octubre siguiente. En el referido dictamen, el foro primario desestimó con perjuicio la reclamación de una de las integrantes de la parte apelada, específicamente, la Sra. Shaydelis De León Castro, (señora De León Castro); mientras, dispuso para la continuación de los procedimientos, en torno a las causas de acción instadas por las menores de edad SRDL y ARDL. Además, ordenó al Municipio a presentar su alegación responsiva.

Por los fundamentos que expondremos más adelante, confirmamos el dictamen impugnado.

**I.**

La causa del epígrafe tuvo su origen el 14 de marzo de 2023, ocasión en que la señora De León Castro, por sí y en representación

Número Identificador
SEN2023_____

de sus hijas menores de edad SRDL y ARDL, incoó una *Demanda* sobre daños y perjuicios, al palio del Código Civil de 2020, 31 LPRA sec. 5311 *et seq.*, y de la Ley Federal de Derechos Civiles, 42 USC sec. 1983.[1] Entre los demandados figuraron el Municipio; en su carácter oficial, el alcalde, Hon. Miguel Romero Lugo, así como el comisionado de la policía municipal, Cnel. José Juan García. Además, se incluyeron a otras personas naturales y jurídicas con nombres desconocidos. La parte apelada alegó que, el 15 de marzo de 2022, siete agentes uniformados de la policía municipal de San Juan llegaron a su residencia en vehículos oficiales para realizar una búsqueda, aún cuando no medió autoridad judicial para ello. Arguyó que los agentes del Municipio, sin mediar palabra, registraron el interior de la residencia, sus alrededores y un vehículo que se encontraba en la marquesina. Durante esta intervención, las menores SRDL y ARDL se encontraban con su tío en la residencia. Se adujo que, debido a la negligencia de la parte apelante, las niñas han padecido ansiedad, temor a ser invadidas y agredidas en su hogar, así como un desmejorado estado de ánimo. Del mismo modo, la parte apelada alegó daños al estado mental, a la reputación y a los derechos civiles. Por consiguiente, solicitó una indemnización ascendente a $1.5 millones.

El 10 de abril de 2023, el Municipio presentó una *Moción de Desestimación...* por falta de jurisdicción sobre la materia.[2] Sostuvo que la notificación fue tardía, en contravención al Artículo 1.051 del Código Municipal, *infra.* Explicó que, mientras el incidente aconteció el 15 de marzo de 2022, no fue hasta el 28 de octubre de 2022 que la parte apelada presentó una reclamación extrajudicial y, posteriormente, la *Demanda* de autos. Acotó que la inobservancia del término de caducidad de noventa días, a partir de los presuntos

---

[1] Véase el Apéndice del Recurso, a las págs. 1-4.
[2] *Íd.*, a las págs. 5-10 y anejo, a las págs. 11-13.

hechos torticeros, privaba al TPI de jurisdicción. Por tanto, solicitó la desestimación de la reclamación de la señora De León Castro. En cuanto a las menores SRDL y ARDL, el Municipio planteó que "el derecho de ambas menores de incoar su acción queda protegido, pero suspendido hasta que lleguen a su mayoría de edad",[3] de conformidad con el Artículo 40 del Código de Enjuiciamiento Civil, *infra.*

La parte apelada presentó su oposición el 10 de mayo de 2023.[4] Sostuvo que no conocía a las personas que causaron los daños alegados por la falta de diligencia de la parte apelante. Razonó, entonces, que el término jurisdiccional de noventa días no había comenzado a cursar hasta la comparecencia del Municipio, ocasión en que se "arroj[ó] certeza sobre quiénes fueron las personas que penetraron a la residencia"[5] de la parte apelada. Apuntó que el término prescriptivo no comenzó a transcurrir "[h]asta el momento de la comparecencia del 10 de abril de 2023 que hizo el Municipio de San Juan...".[6] Planteó, además, que no existía controversia en cuanto a que el plazo prescriptivo de la causa de acción de las menores SRDL y ARDL permanecía suspendido durante el tiempo que durara la minoridad.

El Municipio replicó.[7] Expresó que el argumento sobre el desconocimiento de los autores del daño era insostenible, cuando ello no fue impedimento para incoar una reclamación extrajudicial. En esta, la parte apelada dio noticia de la participación de siete oficiales municipales en los hechos, de los cuales cinco —tres varones y dos mujeres— entraron a la residencia. A esos efectos, reiteró su solicitud de desestimación con perjuicio en cuanto a la

---

[3] Refiérase a la nota al calce 1 del escrito, Apéndice del Recurso, a la pág. 9.
[4] Véase el Apéndice del Recurso, a las págs. 14-23.
[5] Véase el acápite 12 de la *Moción en Oposición...*, Apéndice de la *Apelación*, a la pág. 16.
[6] *Íd.*, en el acápite 14.
[7] *Íd.*, a las págs. 24-36.

causa de la señora De León Castro; y sin perjuicio con respecto a la reclamación de las menores SRDL y ARDL.

En su dúplica,[8] la parte apelada insistió en el desconocimiento de los autores del daño por sus nombres y apellidos. No obstante, planteó que, en caso de acogerse los planteamientos sobre la naturaleza de caducidad de la notificación, la señora De León Castro no quedaba privada de su reclamación contra los presuntos agentes, por lo que urgió al Municipio a divulgar sus identidades. Asimismo, abogó por la ausencia de controversia con relación al derecho de las menores sobre su causa de acción.

Evaluadas las posturas de los litigantes, el TPI dictó la *Sentencia Parcial* impugnada.[9] Basado en el normativo *Rivera Serrano v. Mun. de Guaynabo,* 191 DPR 679 (2014), el TPI reprodujo el curso de acción allí adoptado al proceder con la desestimación con perjuicio de la causa de acción de la señora De León Castro, mas no la de las menores SRDL y ARDL. Por lo que, ordenó al Municipio a contestar la *Demanda* para la continuación de los procedimientos.

Insatisfecho, el Municipio oportunamente invitó al TPI a reconsiderar su dictamen.[10] Cuestionó la jurisprudencia citada, al entender que era inaplicable. Expuso que la *Opinión* era anterior a las enmiendas introducidas mediante la Ley 121 de 29 de junio de 2018 al entonces Artículo 15.003 de la derogada Ley de Municipios Autónomos.[11] De igual modo, aseveró error en la aplicación del Artículo 40 del Código de Enjuiciamiento Civil, *infra.* Por ende, peticionó la desestimación sin perjuicio de la reclamación de las menores SRDL y ARDL, para que, en su día, estas puedan ejercitar

---

[8]  *Íd.*, a las págs. 37-40.
[9]  *Íd.*, a las págs. 41-51; 52-53.
[10]  *Íd.*, a las págs. 54-60.
[11] 21 LPRA sec. 4703 (derogado).

por derecho propio su causa de acción cuando advinieran a la mayoridad.

De otro lado, la parte apelada se opuso.[12] Argumentó que no procedía la petición del Municipio. Enunció que, si bien el derecho de las menores a reclamar los daños alegados quedaba suspendido, ello no equivalía a que SRDL y ARDL tuvieran que esperar a la mayoría de edad para entablar sus respectivas reclamaciones.

El 31 de octubre de 2023, el TPI notificó una *Resolución sobre Reconsideración*,[13] mediante la cual decretó "no ha lugar" el pedimento del Municipio.

Todavía inconforme, el Municipio acudió ante este foro revisor imputándole al TPI la comisión de los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ORDENAR "LA CONTINUACIÓN DE LOS PROCEDIMIENTOS DE LAS CAUSAS DE ACCIÓN DE LAS MENORES SRDL Y ARDI", A[Ú]N EN AUSENCIA DE JURISDICCIÓN SOBRE LA MATERIA, EN LUGAR DE DESESTIMAR SIN PERJUICIO PARA ENTONCES ACTIVAR LA PROTECCIÓN DEL ARTÍCULO 40 DEL CÓDIGO DE ENJUICIAMIENTO CIVIL.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL SUSCRIBIR QUE "LAS CAUSAS DE ACCIÓN DE LAS MENORES NO PUEDEN SER DESESTIMADAS POR CADUCIDAD O PRESCRIPCIÓN MIENTRAS DURE LA MINORÍA DE EDAD" YA QUE[,] SEGÚN EL ORDENAMIENTO JURÍDICO, PUEDEN SER DESESTIMADAS SIN PERJUICIO PARA MANTENERSE "SUSPENDIDAS" HASTA QUE LAS MENORES LLEGUEN A LA MAYORÍA DE EDAD.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR EN SU "RESOLUCIÓN SOBRE RECONSIDERACIÓN" QUE "LA ASAMBLEA LEGISLATIVA NO TUVO REPAROS CON LA INTERPRETACIÓN DEL TRIBUNAL SUPREMO EN *RIVERA SERRANO* AL NO OPTAR POR DEROGARLO IMPLICITAMENTE", ADUCIENDO QUE "LA REDACCIÓN DEL ACTUAL ARTÍCULO ES ID[É]NTICA AL MISMO ARTÍCULO DE LA LEY DE MUNICIPIOS AUTÓNOMOS", IGNORANDO ASÍ LA FUERTE AMONESTACIÓN DE LA ASAMBLEA LEGISLATIVA EN LA EXPOSICIÓN DE MOTIVOS DE LA LEY 121-2018

---

[12] *Íd.*, a las págs. 61-65.
[13] *Íd.*, a las págs. 66-67.

SOBRE LA NATURALEZA FATAL DE CADUCIDAD DEL ARTÍCULO SOBRE NOTIFICACIÓN AL ALCALDE.

Analizado el caso y al tenor de la determinación arribada, acordamos prescindir del escrito de la parte apelada "con el propósito de lograr [el] más justo y eficiente despacho", según nos faculta la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

**II.**

**La Moción de Desestimación**

La Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, dispone que las defensas que tienen las partes para fundamentar una moción de desestimación son las siguientes: falta de jurisdicción sobre la materia o la persona, insuficiencia en el emplazamiento o su diligenciamiento; dejar de exponer una reclamación que justifique la concesión de un remedio; o dejar de acumular una parte que sea indispensable en el pleito. Para que proceda una moción de desestimación, bajo esta regla de procedimiento, "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiese probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor." *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank,* 193 DPR 38, 49 (2015); *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 654 (2013). Con relación a la falta de jurisdicción sobre la materia, se ha dicho que, "[a] partir de la eliminación de los tribunales de Distrito y Municipales, ya no existe en el TPI un problema de falta de jurisdicción sobre la materia. Lo que sí puede haber es falta de jurisdicción propiamente dicha". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., San Juan, LexisNexis de Puerto Rico, 2017, sec. 2602, pág. 306.

Ante una moción de desestimación bajo la Regla 10.2 de las de Procedimiento Civil, *supra*, la demanda y sus alegaciones han de ser consideradas por el tribunal lo más liberalmente posible a favor de la parte demandante. El tribunal que evalúa la moción de desestimación debe concederle a esta el beneficio de toda inferencia posible que pueda surgir de la demanda. Es norma asentada que no se desestimará la causa de acción, a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno, bajo cualquier estado de derecho que se pudiese probar en apoyo a su reclamación. J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da. ed., San Juan, Publicaciones JTS, 2011, T. II, a la pág. 530; *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank,* supra; *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 654 (2013).

**El requisito de notificación y la minoridad**

La Ley núm. 107 de 13 de agosto de 2020, *Código Municipal de Puerto Rico*, 21 LPRA 7001, *et seq.*, establece en su Artículo 1.051, 21 LPRA sec. 7082, el requisito de notificación al municipio sobre cualquier reclamación por daños personales o a la propiedad que una persona tenga en contra del ayuntamiento. En particular, la aludida disposición, a la que hemos impartido énfasis, reza como sigue:[14]

> Toda persona que tenga reclamaciones de cualquier clase contra un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio, deberá presentar una notificación escrita dirigida al alcalde, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido. En dicha notificación se especificará, además, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres

---

[14] Salvo unos cambios de estilo, la disposición vigente es sustancialmente similar a su homóloga en la Ley de Municipios: Artículo 15.003, 21 LPRA sec. 4703 (derogado). Esta última había sido enmendada por virtud de la Ley 121 de 29 de junio de 2018 a los fines, entre otros, de establecer de forma clara e inequívoca el proceso de notificación al alcalde, requerido en los casos de reclamaciones contra un municipio por daños a la persona o a la propiedad; en particular: precisar la forma y manera de entrega de la notificación, el término de caducidad para su cumplimiento, así como afirmar el carácter jurisdiccional del requisito de notificación al alcalde.

y direcciones de sus testigos y la dirección del reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia.

*(a) Forma de entrega y término para hacer la notificación.*

Dicha notificación se entregará al alcalde, se remitirá por correo certificado a la dirección designada por el municipio o por diligenciamiento personal, acudiendo a la oficina del alcalde durante horas laborables, y haciendo entrega de la misma a su secretaria personal o al personal administrativo expresamente autorizado a tales fines.

La referida notificación escrita deberá presentarse dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados. Si el reclamante está mental o físicamente imposibilitado para hacer dicha notificación en el término antes establecido, no quedará sujeto al cumplimiento del mismo, debiendo hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.

Si el perjudicado fuere un menor de edad o una persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, estará obligada a notificar al alcalde la reclamación dentro de los noventa (90) días siguientes a la fecha en que tuvo conocimiento de los daños que se reclaman. Lo anterior no será obstáculo para que el menor o la persona sujeta a tutela haga la referida notificación por su propia iniciativa dentro del término prescrito, si quien ejerce la patria potestad, custodia o tutela no lo hace.[15]

*(b) Requisito jurisdiccional.*

No podrá responsabilizarse, ni iniciarse acción de clase alguna contra un municipio, en reclamaciones por daños causados por culpa o negligencia, a menos que el reclamante haga la notificación escrita, en la forma, manera y en los plazos de caducidad dispuestos en esta sección. No constituirá una notificación válida, aquella que se presente en alguna otra entidad estatal o municipal que no sea la del municipio contra el que se presenta la reclamación.

*(c) Salvedad.*

Esta sección no modificará en forma alguna, para aquellos reclamantes que cumplan con sus disposiciones, el término prescriptivo en el Código Civil

---

[15] Acerca de este último enunciado, toda vez que a los menores y a los tutelados no se les reconoce capacidad para actuar, la frase "dentro del término prescrito" no se refiere al término de caducidad de noventa días, sino al plazo de prescripción que el ordenamiento jurídico les ha conferido a los más vulnerables.

de Puerto Rico.

La disposición legal establece que el plazo de caducidad de noventa días, a partir de que el reclamante advino en conocimiento de los daños reclamados, constituye un requisito previo a incoar la reclamación extracontractual contra los municipios. Como se sabe, un término de caducidad no admite la detención del plazo. *Díaz Santiago v. International Textiles*, 195 DPR 862; 868 (2016). Ello así, porque la caducidad es un término "fatal, improrrogable e ininterrumpible". *Consejo de Titulares v. C.R.U.V.*, 132 DPR 707, 727 (1993). Al respecto, en su parte pertinente, el Artículo 1207, *Naturaleza de orden público*, 31 LPRA sec. 9512, dispone que "[l]a caducidad se da únicamente en los casos en los que la ley advierte claramente tal carácter. Toda duda respecto a la naturaleza de los plazos será resuelta a favor de la prescripción y no la caducidad".

De otra parte, en el caso de los menores de edad, el Artículo 1.051, *supra*, indica que corresponde a su encargado la obligación de notificar dentro del plazo establecido. Ahora bien, este precepto expresamente estatuye que su letra no incide sobre el término prescriptivo dispuesto en el Código Civil de Puerto Rico. Es decir, la disposición legislativa especial del Código Municipal establece palmariamente que no interviene con lo estatuido sobre la prescripción en la ley general del Código Civil.

En Puerto Rico, la institución de la prescripción es una materia de derecho civil sustantivo y no procesal, que "tiene como norte atender el interés general de darle certeza a las relaciones jurídicas, pero que, a la vez, tiene que conciliarse con el interés individual de quienes quieren ejercer sus derechos". (Énfasis nuestro). *SLG García-Villega v. ELA*, 190 DPR 799, 812 (2014) y los casos allí citados. Sobre este particular, en este caso la más alta *Curia* dictaminó que:

> [...] solo podrá en rigor hablarse de [la prescripción] cuando se haya producido lo que se ha denominado como un "continuado silencio" de la relación jurídica. De esta manera, si algún acontecimiento llega a romper ese silencio, la prescripción no debe producirse, pues no se da ya el supuesto que justificaba la defensa del sujeto pasivo contra la pretensión frente a él ejercitada. Si algo anuncia que el derecho sigue vivo, que va a ser ejercitado o que puede serlo, la pretensión del titular del derecho no es ya intempestiva, ni por ello inadmisible. (Énfasis en el original suprimido). L. Díez-Picazo, *La prescripción extintiva en el Código Civil y en la jurisprudencia del Tribunal Supremo*, 2da ed., Pamplona, Ed. Aranzadi, 2007, a la pág. 137, citado con aprobación en *SLG García-Villega v. ELA, supra,* a la pág. 814.

Como es sabido, a diferencia de la caducidad, la prescripción sí permite interrupción como, por ejemplo, la presentación de una demanda judicial. Art. 1197 del Cód. Civil, 31 LPRA sec. 9489. En lo que nos concierne, el inciso (a) del Artículo 1204 dispone que el plazo para exigir responsabilidad extracontractual prescribe por el transcurso de un año, contado desde que la persona agraviada conoce la existencia del daño y quién lo causó. 31 LPRA sec. 9496. "La prescripción opera en perjuicio de las personas naturales y jurídicas, en los términos previstos por la ley". Art. 1195 del Cód. Civil, 31 LPRA sec. 9487. No obstante, "[l]a prescripción no tiene lugar contra las personas que no pueden contratar o accionarse entre sí". (Énfasis nuestro). Art. 1196 del Cód. Civil, 31 LPRA sec. 9488. Esta disposición "tiene la intención de eximir a los menores e incapacitados del efecto adverso de la prescripción de las acciones que tienen a su favor". M. Garay Aubán (Compilador), *Código Civil, Obligaciones y Contratos*, 2da ed. corregida y ampliada, Ediciones SITUM, 2021, Tomo 4, a la pág. 151.

Sobre lo anterior, además, el Artículo 40 del Código de Enjuiciamiento Civil, 32 LPRA sec. 254, dispone que, con relación al menor de edad reclamante, el tiempo que dure su minoridad "no se considerará parte del tiempo fijado para empezar a ejercitar la acción". (Énfasis nuestro); Véase, *De Jesús v. Chardón*, 116 DPR 238, 250-253 (1985). Por el pasado siglo, nuestro Tribunal Supremo

ha reiterado este principio medular de que los derechos y las causas de acciones de los menores de edad no se extinguen por el mero paso del término prescriptivo estatuido, sino hasta que advienen a la mayoridad. *Rivera Serrano v. Mun. de Guaynabo*, 191 DPR 679, 689-690 (2014); *Parrilla v. Rodríguez*, 163 DPR 263, 272 (2004); *Rodríguez Avilés v. Rodríguez Beruff*, 117 DPR 616, 623 (1986); *Márquez v. Tribl. Superior*, 85 DPR 559, 562 (1962); *Ibáñez v. Divido*, 22 DPR 518, 522 (1915). En nuestro ordenamiento jurídico, "[t]oda persona adviene a la mayoría de edad cuando cumple veintiún (21) años". Art. 97 del Cód. Civil, 31 LPRA sec. 5591.

### III.

El Municipio planteó que el TPI erró al no desestimar, sin perjuicio, la causa de acción de las menores SRDL y ARD y declararse sin jurisdicción. Por lo que, propuso que el pleito debía ser desestimado hoy; y reiniciado en el futuro, cuando las menores advengan a la mayoridad. Adelantamos que este argumento no nos persuade.

Según reseñamos, el Artículo 1.051 del Código Municipal, *supra*, establece como requisito previo a incoar una demanda contra un ayuntamiento, por daños personales o a la propiedad, el envío oportuno y eficaz de una notificación escrita. Esta notificación debe contener el nombre y dirección del reclamante, la fecha, el lugar, la causa y la naturaleza del daño. En los casos de daño a la persona, se debe indicar el lugar donde recibió tratamiento médico. Además, es preciso consignar el tipo de remedio adecuado al daño sufrido y, de ser monetario, la cuantía peticionada. También se deberán informar los nombres y direcciones de los testigos. Este tipo de notificación procura "(1) proveerle a los municipios la oportunidad de investigar los hechos que originaron la reclamación; (2) conocer posibles testigos de los hechos; (3) mitigar el importe de los daños sufridos, y (4) permitir a los municipios la inspección inmediata del

lugar del accidente, entre otras ventajas". (Énfasis nuestro). *Rivera Serrano v. Mun. de Guaynabo, supra,* a la pág. 688 y los casos allí citados. Por ende, propende al pronto ejercicio de la acción civil, por este ser conveniente a todas las partes, a la administración de la justicia y a la búsqueda de la verdad.

Somos del criterio que, al armonizar *in pari materia* el Artículo 1.051 del Código Municipal, *supra,* las disposiciones sobre prescripción del Código Civil, *supra,* antes discutidas y el Artículo 40 del Código de Enjuiciamiento Civil, *supra,* es forzoso colegir que, de ordinario, al presentar una reclamación de daños y perjuicios sufridos por un menor de edad en contra de un municipio, quien tiene la responsabilidad de cumplir con el requisito de notificación son los padres, custodios o tutores del menor implicado, según sea el caso. Sin embargo, en aras de proteger los intereses y derechos de quienes adolecen de capacidad jurídica de actuar, la inacción negligente de los padres, custodios o tutores no puede afectar el ejercicio de los derechos de los más vulnerables. Consiguientemente, el término prescriptivo de los menores de edad queda suspendido **desde** la ocurrencia de los actos u omisiones torticeras **hasta** un año después que cumplan la mayoría de edad. El concepto *término* es el plazo de tiempo que concede el ordenamiento para ejercer un derecho o realizar determinado acto procesal. *Díaz Santiago v. International Textiles*, supra.

Cónsono con lo anterior, de incoarse la demanda dentro del plazo estatuido, nuestro alto foro ha avalado "la continuación de la causa de acción de un menor, aun cuando sus padres o tutores hayan incumplido con el requisito de notificación". (Énfasis nuestro). *Rivera Serrano v. Mun. de Guaynabo, supra,* a las págs. 695-696.

En la causa presente, es incuestionable la intención inequívoca de SRDL y ARDL de ejercitar su derecho. La *Demanda*

del epígrafe no solo sirve como interruptor al término prescriptivo, sino que derrota cualquier presunción legal de abandono de la causa de acción y, además, minimiza el riesgo de la pérdida de prueba documental pertinente o que los testigos no puedan ser localizados o las alegadas perjudicadas olviden detalles de los eventos de que trata su acción civil.

Ciertamente, la propuesta del Municipio conllevaría a que, en un futuro, SRDL y ARDL presenten por separado en los correspondientes términos —ya que del expediente no surge que las menores sean gemelas— sendas reclamaciones por los mismos hechos. Opinamos que este curso de acción incide adversamente sobre la garantía de una solución justa, rápida y económica de todo procedimiento. Asimismo, frustra los propósitos de la notificación oportuna enumerados antes y, peor aún, resulta perjudicial para la parte presuntamente agraviada y sobre quien recae el peso de la prueba para demostrar su causa.

La jurisdicción del TPI sobre la causa del título emana del ordenamiento jurídico que reconoce a los menores de edad un plazo distinto al de los adultos capaces para que puedan ejercitar sus reclamaciones. El hecho de la suspensión de la prescripción en este escenario equivale a que el menor, a través de sus padres, custodios o tutores, pueda incoar una demanda, desde que nace la causa de acción y mientras persista la minoridad. De lo contrario, por sí mismo, hasta un año después de advenir a la mayoridad. En fin, si bien las normas que gobiernan los términos de prescripción y caducidad responden a consideraciones de orden público, colegimos que la protección conferida por el ordenamiento jurídico a los menores de edad obedece a un principio de justicia, por lo que cualquier requisito procesal que pretenda limitar o condicionar los derechos sustantivos de los menores e incapaces debe ceder. En

armonía con lo anterior, procede confirmar el dictamen apelado y avalar el curso de acción allí dispuesto.

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Sentencia Parcial* apelada. En consecuencia, devolvemos el caso ante la consideración del Tribunal de Primera Instancia para la continuación de los procedimientos.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones