Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| ELPIDIO MATOS Y MARAM DEEB POR SÍ Y EN REPRESENTACIÓN DE SU HIJA MENOR DE EDAD L.M.<br><br>Recurridos<br><br>v.<br><br>AIRBNB, INC.; **FRANK TOUTLOFF**; ZURICH AMERICAN INSURANCE COMPANY; ASEGURADORAS 2-10 Y DEMANDADOS DESCONOCIDOS 2-10<br><br>Peticionario | KLCE202500583 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso núm.: FA2024CV00006<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 8 de julio de 2025.

Comparece ante este tribunal apelativo, el Sr. Frank Toutloff (señor Toutloff o el peticionario) mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI) el 24 de marzo de 2025, notificada el mismo día. Mediante este dictamen, el foro primario declaró parcialmente *Ha Lugar* a la *Moción de Desestimación* instada por el apelante sobre una reclamación incoada por el Sr. Elpidio Matos y la Sra. Maram Deeb, por sí y en representación de su hija menor de edad, L.M. (en conjunto, los recurridos) por daños ocasionados a la menor por la mordida de un animal perteneciente al peticionario. Así, desestimó con perjuicio la acción de los padres, Sr. Elpidio Matos y la Sra. Maram Deeb, por estar prescrita. A su vez, el foro *a quo* ordenó la continuación de los procedimientos al declarar que el término prescriptivo quedó

suspendido a favor de la menor hasta que advenga a la mayoría de edad. De esta decisión, se recurre ante este foro intermedio.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* solicitado y confirmamos la determinación recurrida.

**I.**

El **2 de enero de 2024**, los recurridos presentaron una *Demanda* en contra del señor Toutloff, dueño y/o administrador de una propiedad que forma parte de la plataforma digital de alquiler a corto plazo, Airbnb, Inc.[1] Reza la demanda que, el **10 de agosto de 2022**, estos se encontraban disfrutando de unas vacaciones en la propiedad localizada en la Carretera 975 del Barrio Saco en el pueblo de Ceiba.[2] Indicaron que alrededor de cinco perros caminaban "libremente, sin ninguna restricción o supervisión" por la propiedad administrada por el señor Toutloff.[3] En síntesis, relataron que uno de los perros atacó a la menor y le provocó múltiples traumas corporales, que incluyeron una herida abierta en su pierna y traslado de emergencia al hospital. Además, alegaron haber sufrido considerables angustias emocionales y pérdidas económicas. Responsabilizaron a los demandados, Airbnb, Inc. y al señor Toutloff, por no avisar sobre la condición de riesgo que implica mantener a los perros en la propiedad sin restricción ni supervisión. Como compensación, solicitaron una cantidad no menor de $100,000 para la menor L.M. y $50,000 para cada uno de sus padres. También reclamaron indemnización adicional, al amparo del Artículo 1538 del Código Civil de Puerto Rico.

---

[1] Véase, el Apéndice del Recurso, a las págs. 1-5.

[2] Según la *Demanda*, el Sr. Elpidio Matos, la Sra. Maram Deeb, y su hija menor de edad, L.M., residen en Pennsylvania, Estados Unidos de América.

[3] Véase, el Apéndice del Recurso, a la pág. 3. Véase, también, el Apéndice del Recurso, a las págs. 22-23. El 5 de septiembre de 2024, los recurridos presentaron la *Moción para que se Autorice Enmienda a la Demanda*. Allí, identificaron al peticionario por su nombre completo, Frank Toutloff.

En lo concerniente, el 9 de diciembre de 2024, el señor Toutloff presentó una *Moción de Desestimación*.[4] Sostuvo que la causa de acción estaba prescrita, ya que los recurridos conocían su nombre desde antes de presentada la demanda. Es decir, estos ya tenían pleno conocimiento de que el señor Toutloff era el dueõ y/o administrador de la propiedad y que el can que atacó a la menor era de él. Asimismo, advirtió que "**el término prescriptivo de un año para presentar una demanda en contra del Sr. Toutloff comenzó a cursar el 10 de agosto de 2022 y vencía el 10 de agosto de 2023**."[5] En resumen, concluyó que los recurridos no interrumpieron el término prescriptivo para incoar válidamente una reclamación en su contra.

El 7 de enero de 2025, los recurridos presentaron una *Moción en Oposición a Desestimación*.[6] Explicaron que fue el 4 de septiembre de 2024, la fecha en que advinieron en conocimiento de la identidad real del señor Toutloff, por lo que insistieron en que la causa de acción no estaba prescrita y el término prescriptivo de un (1) año comenzó a transcurrir a partir de esa fecha. También indicaron que la menor cuenta con protecciones adicionales para presentar su causa de acción. Al respecto, mencionaron que, en los casos de los menores de edad, el término prescriptivo no corre en su contra hasta que alcancen la mayoría de edad.

El 24 de marzo de 2025, el foro primario, mediante la *Sentencia Parcial* apelada, declaró parcialmente *Ha Lugar* a la *Moción de Desestimación*.[7] Desestimó, con perjuicio, la causa de acción del Sr. Elpidio Matos y la Sra. Maram Deeb al encontrarla

---

[4] Véase, el Apéndice del Recurso, a las págs. 42-51.
[5] *Íd.*, a la pág. 49. Énfasis en el original.
[6] *Íd.*, a las págs. 52-55. Véase, también, expediente electrónico del caso FA2024CV00006 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 49. La *Moción en oposición a desestimación* presentada por los recurridos aparece suscrita el 7 de enero de **2022**, pero ingresada en SUMAC el 7 de enero de **2025**. La *Demanda* refiere el 10 de agosto de 2022 como la fecha en que surgen los hechos que dan lugar a esta reclamación, por lo que entendemos que el 2022 fue entrado por error al suscribir el escrito.
[7] Véase, el Apéndice del Recurso, a las págs. 59-65.

prescrita. Por otro lado, dictó que el término de prescripción quedó suspendido a favor de la menor de edad hasta que advenga a la mayoría de edad. La determinación se notificó el mismo día.

Inconforme, el 7 de abril de 2025, el peticionario solicitó la reconsideración.[8] Reconoció la determinación del foro primario sobre la desestimación por prescripción de la causa de acción del señor Matos y la señora Deeb. Por otro lado, refutó lo decidido respecto a la reclamación instada en representación de la menor y solicitó, de igual manera, su desestimación por prescripción. En síntesis, aludió que la suspensión automática del término prescriptivo por razón de minoridad ya no representa derecho vigente, acorde con el Artículo 1198 del Código Civil de 2020, *infra.*

El 28 de abril de 2025, los recurridos presentaron una *Moción en Oposición a Solicitud de Reconsideración de Sentencia Parcial.*[9] En resumen, indicaron que las causas de acción de los menores no se extinguen por el mero transcurso del término prescriptivo establecido en ley, debido a la restricción de la capacidad de obrar. Asimismo, enfatizaron la aplicación del Artículo 40 del Código de Enjuiciamiento Civil, *infra*, y el Artículo 1196 del Código Civil de 2020, infra, los cuales establecen que el término prescriptivo no opera en la minoridad.

El 30 de abril de 2025, notificada ese mismo día, el tribunal recurrido, mediante una *Resolución Interlocutoria*, dictó *No Ha Lugar* a la *Solicitud de Reconsideración a Sentencia Parcial.*[10]

Todavía en desacuerdo, el peticionario acudió ante este foro apelativo imputándole al foro primario haber incurrido en el siguiente error:

> ERRÓ EL TPI AL NO DESESTIMAR LA CAUSA DE ACCIÓN PRESENTADA EN REPRESENTACIÓN DE LA MENOR L.M., A PESAR DE QUE ESTÁ IRREMEDIABLEMENTE PRESCRITA.

---

[8] *Íd.*, a las págs. 66-72.
[9] *Íd.*, a las págs. 73-75.
[10] *Íd.*, a las págs. 76-78.

El 3 de junio de 2025, emitimos una *Resolución* concediendo el término de diez (10) a la parte recurrida para expresarse. El 30 de junio siguiente, se cumplió con lo ordenado por lo que nos damos por cumplidos; y a su vez, decretamos perfeccionado el recurso.[11]

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

## II.

### El auto de *Certiorari*

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró,* 165 DPR 324, 334 (2005). Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra.* Dicha regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari.*

Por tanto, el asunto que se nos plantee en el recurso de *certiorari* deberá tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra.* Ello, debido a que el mandato de la mencionada regla dispone expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra

---

[11] El 24 de junio de 2025 el señor Toutloff instó una ***OPOSICIÓN A MOCI[Ó]N PARA SOLICITAR [EXTENSIÓN] DE PLAZO,*** la cual resolvemos *Nada que proveer.*

situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Sin embargo, aun cuando el asunto esté contemplado por dicha regla para determinar si procede la expedición de un recurso, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que lee como sigue:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*:
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no procede nuestra intervención. Así, pues, es norma reiterada que este foro intermedio no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

**Prescripción y minoridad**

En Puerto Rico, la institución de la prescripción es una materia de derecho civil sustantivo y no procesal, que "tiene como norte atender el interés general de darle certeza a las relaciones jurídicas, pero que, a la vez, <u>tiene que conciliarse con el interés individual de quienes quieren ejercer sus derechos</u>". (Énfasis nuestro). *SLG García-Villega v. ELA et al.*, 190 DPR 799, 812 (2014) y los casos allí citados. Sobre este particular, en este caso la más alta *Curia* dictaminó que:

> [...] solo podrá en rigor hablarse de [la prescripción] cuando se haya producido lo que se ha denominado como un "continuado silencio" de la relación jurídica. De esta manera, si algún acontecimiento llega a romper ese silencio, la prescripción no debe producirse, pues no se da ya el supuesto que justificaba la defensa del sujeto pasivo contra la pretensión frente a él ejercitada. Si algo anuncia que el derecho sigue vivo, que va a ser ejercitado o que puede serlo, la pretensión del titular del derecho no es ya intempestiva, ni por ello inadmisible. (Énfasis en el original suprimido). L. Díez-Picazo, *La prescripción extintiva en el Código Civil y en la jurisprudencia del Tribunal Supremo*, 2da ed., Pamplona, Ed. Aranzadi, 2007, a la pág. 137, citado con aprobación en *SLG García-Villega v. ELA et. al.*, *supra*, a la pág. 814.

Como es sabido, a diferencia de la caducidad, la prescripción sí permite interrupción como, por ejemplo, la presentación de una demanda judicial. Artículo 1197 (a) del Código Civil de 2020, 31 LPRA sec. 9489.

En lo que nos concierne, el inciso (a) del Artículo 1204 dispone que el plazo para exigir responsabilidad extracontractual prescribe por el transcurso de un año, contado desde que la persona agraviada conoce la existencia del daño y quién lo causó. 31 LPRA sec. 9496. "La prescripción opera en perjuicio de las personas naturales y jurídicas, en los términos previstos por la ley". Artículo 1195 del Código Civil de 2020, 31 LPRA sec. 9487. No obstante, **"[l]a prescripción no tiene lugar contra las personas que no pueden contratar o accionarse entre sí**". Artículo 1196 del Código Civil de 2020, 31 LPRA sec. 9488, (Énfasis nuestro). Esta disposición "tiene

la intención de eximir a los menores e incapacitados del efecto adverso de la prescripción de las acciones que tienen a su favor". M. Garay Aubán, *Código Civil y su historial legislativo,* 2ª ed., corregida y ampliada, San Juan, Ed. Situm, T. 4, pág. 151.

Agregamos que, el Artículo 40 del Código de Enjuiciamiento Civil, 32 LPRA sec. 254, dispone que, con relación al menor de edad reclamante, **el tiempo que dure su minoridad "no se considerará parte del tiempo fijado para empezar a ejercitar la acción"**. (Énfasis nuestro); Véase, *De Jesús v. Chardón,* 116 DPR 238, 250 (1985). Nuestro Tribunal Supremo ha reiterado este principio medular de que los derechos y las causas de acciones de los menores de edad no se extinguen por el mero paso del término prescriptivo estatuido, sino hasta que advienen a la mayoridad. *Rivera Serrano v. Mun. de Guaynabo,* 191 DPR 679, 689-690 (2014); *Parrilla v. Rodríguez,* 163 DPR 263, 272 (2004); *Rodríguez Avilés v. Rodríguez Beruff,* 117 DPR 616, 623 (1986); *Márquez v. Tribl. Superior,* 85 DPR 559, 562 (1962); *Ibáñez v. Diviñó,* 22 DPR 518, 522 (1915). En nuestro ordenamiento jurídico, "[t]oda persona adviene a la mayoría de edad cuando cumple veintiún (21) años". Artículo 97 del Código Civil de 2020, 31 LPRA sec. 5591.

### III.

En esencia, el peticionario señaló que el foro primario erró al determinar que la reclamación presentada en representación de una menor de edad no estaba prescrita, pasado el año desde que ocurrieron los hechos que motivaron la acción en daños.

De entrada, advertimos que la controversia aquí planteada está incluida en las instancias que esta *Curia* puede atender de conformidad a la Regla 52.1 de las de Procedimiento Civil, *supra,* y analizada al palio de los criterios de nuestra Regla 40, determinamos expedir el recurso solicitado por ser el momento más propicio para atenderla.

En el presente caso, el señor Toutloff infiere que existe una supuesta derogación de la suspensión del término prescriptivo en las causas de acciones a las que tenga derecho un menor de edad. Dicha pretensión, busca su fundamento en el inciso (a) del Artículo 1198 del Código Civil de 2020, 31 LPRA sec. 9490. Este artículo *in extenso* establece lo siguiente:

> **La prescripción se suspende**:
>
> (a) **cuando los incapaces no están bajo la guarda de sus representantes legales**;
> (b) entre los cónyuges, durante la vigencia del matrimonio;
> (c) entre los menores y sus progenitores o tutores durante la patria potestad o la tutela;
> (d) en las acciones disciplinarias por infracción a los cánones de ética profesional:
>    (1) durante el periodo en que la conducta imputada no puede ser descubierta debido a actos u omisiones intencionales del profesional concernido;
>    (2) durante el periodo en que el profesional en cuestión se encuentra fuera de Puerto Rico con la intención de evitar un procedimiento disciplinario;
> (e) entre los incapaces y sus tutores, durante el ejercicio de la tutela y;
> (f) mientras sea imposible reclamar el derecho ante un tribunal. (Énfasis nuestro)

El apelante se ampara, en especial, en el inciso (a) de esta disposición para indicar que **la suspensión del término prescriptivo** corre contra de los menores cuando no están bajo la guarda de sus representantes legales. Es decir, si el menor está bajo la guarda de sus padres no se beneficia de la suspensión de los términos prescriptivos.

No obstante lo antedicho, el señor Touloff ignora por completo en su recurso la existencia del Artículo 1196 del Código Civil de 2020, *supra*, el cual dispone diáfanamente que **"[l]a prescripción no tiene lugar contra las personas que no pueden contratar o accionarse entre sí"**. (Énfasis nuestro). Como bien comentó el Compilador M. Garay Aubán esta disposición "tiene la intención de eximir a los menores e incapacitados del efecto adverso de la prescripción de las acciones que tienen a su favor". Garay Aubán, *op. cit.,* pág. 151.

De igual manera, el Artículo 1199 del Código Civil de 2020, 31 LPRA sec. 9491, preceptúa que el cómputo de los plazos también podrá suspenderse por mandato expreso de una ley especial. Al respecto, el Artículo 40 del Código de Enjuiciamiento Civil, 32 LPRA sec. 254, dispone que, con relación al menor de edad reclamante, el tiempo que dure su minoridad "no se considerará parte del tiempo fijado para empezar a ejercitar la acción". En este asunto, debemos señalar que el señor Toutloff argumenta que el Código Civil de 2020 derogó tácitamente esta norma, pero este nuevamente obvia lo dispuesto en el Artículo 1196, *supra*, que mantiene y ratifica la jurisprudencia actual sobre el tema.

Por tanto, aun cuando notamos que el Artículo 1198 del Código Civil de 2020, en su inciso (a), parece suponer que el menor que está bajo la patria potestad de sus padres puede **perder la suspensión de prescripción**, si estos no actúan a tiempo a su favor, **este supuesto no es compatible con lo dispuesto claramente en el Artículo 1196 del mismo cuerpo de normas**.

En este particular, se hace importante destacar que el Artículo 104 del Código Civil de 2020, 31 LPRA sec. 5614, señala que el menor no emancipado tiene restringida su capacidad de obrar por sí misma en los asuntos que afecten sus bienes o sus intereses personales.

Por su parte, el Artículo 650, 31 LPRA sec. 7472, menciona que el menor emancipado puede comparecer a juicio por sí mismo. A su vez, **establece que los plazos de prescripción y caducidad que le perjudiquen comienzan a transcurrir desde el momento en que se inscribe la emancipación en el Registro Demográfico**. Sobre esta disposición, el Compilador M. Garay Aubán explica que "El Artículo 650, ubicado en el Título IX (Emancipación) del Libro 2, confirma la paralización respecto a los menores. ... Si los plazos de prescripción y caducidad "comienzan a transcurrir" con la

inscripción de la emancipación, **es ineludible concluir que durante toda su minoridad y hasta el momento descrito, sencillamente no transcurrieron**." M. Garay Aubán, *op. cit.,* pág.152. (Énfasis nuestro).

Además, el Artículo 97, *supra*, indica que toda persona adviene a la mayoría de edad cuando cumple veintiún (21) años y desde entonces tiene plena capacidad para realizar por sí misma todos los actos civiles.

Así pues, **no cabe duda de que el Artículo 1196, *supra*, es uno claro y su lenguaje no está sujeto a interpretaciones**. Esta disposición, al contrario del Artículo 1198, *supra*, no se refiere a la suspensión de la prescripción por la instancia allí enunciada (en especial, en el inciso (a)), sino que **declara expresamente que la misma no tendrá efecto contra un menor de edad no emancipado**. Sobre este punto, el Compilador Garay Aubán indica que, ante esta abierta contradicción, hay que preguntarse qué norma debe prevalecer. Garay Aubán, *op. cit.,* pág.152.

De igual manera, del análisis integral de los demás artículos antes reseñados, observamos que el legislador al apuntalar que el menor no emancipado tiene restringida su capacidad de obrar por sí misma en los asuntos que afecten sus bienes o **sus intereses personales**, por esta condición entendió prudente salvaguardar sus derechos al mandatar, en el Artículo 1196, *supra*, que **"[l]a prescripción no tiene lugar contra las personas que no pueden contratar o accionarse entre sí**." También, y como explicamos, en el Artículo 650 del Código Civil de 2020, *supra*, el legislador expresamente garantizó que los plazos de prescripción y caducidad que le perjudiquen al menor no emancipado **comienzan a transcurrir desde el momento en que se inscribe la emancipación en el Registro Demográfico**. Lo cual recoge, sin duda alguna, y está en consonancia con lo dictaminado

reiteradamente por el Tribunal Supremo respecto a que los derechos y las causas de acciones de los menores de edad no se extinguen por el mero paso del término prescriptivo estatuido, sino hasta que advienen a la mayoridad, o sean emancipados cumpliendo los rigores de la ley.

Relativo a lo anterior, es menester precisar que en la *Exposición de Motivos* de la Ley núm. 55-2020, conocido como el Código Civil de Puerto Rico de 2020, el legislador claramente especificó, en lo concerniente, que:

> El Título V del Libro Cuarto regula la prescripción y la caducidad. En el asunto de la prescripción, **la normativa actual se mantiene sustancialmente, con los cambios que señalamos a continuación**. Se incorpora el principio de que las normas sobre prescripción son imperativas. **Se reconoce, además, la figura de la suspensión de la prescripción en ciertas instancias**. (Énfasis nuestro)

Como es sabido, es función principal del foro judicial interpretar la ley sin juzgar su bondad o sabiduría. *Famanina v. Corp. Azucarera de P.R.,* 113 DPR 654, 657-658 (1982). Los tribunales debemos armonizar, hasta donde sea posible, todas las disposiciones de ley en el caso con miras a lograr un resultado sensato, lógico y razonable que concuerde con el mandato expreso de ley y represente la intención del legislador. *Andino v. Fajardo Sugar Co.,* 82 DPR 85, 94 (1961); *García Comercial v. Secretario de Hacienda,* 80 DPR 765, 774-775 (1958).

De esta forma, enfatizamos que el Artículo 1198 (a), del Código Civil de 2020, *supra,* no controvierte en forma alguna lo estatuido en nuestro estado de derecho, según argumentó el apelante en el recurso. Más bien, recalcamos que, al interpretar en conjunto, todas las disposiciones del Código Civil de 2020 antes citadas, el resultado al que hemos arribado resulta ser el más armonioso para evitar un dictamen desatinado, confuso o absurdo. *Caribe Comms., Inc. v. P.R.T.Co,* 157 DPR 203, 211 (2002). Además, nuestro raciocinio es razonable al concordar con el mandato expreso de la ley y representa

la intención del legislador, según hemos sostenido en esta discusión. Así las cosas, reiteramos que al amparo del Artículo 1196, *supra*, la improcedencia de la prescripción en contra de la menor, en el caso que nos ocupa, implica que esta, a través de sus padres, puede incoar una demanda, desde que nace la causa de acción y **mientras persista la minoridad**. De lo contrario, por sí misma, hasta un año después de advenir a la mayoridad. Esto, de conformidad con la normativa regente vigente en nuestro ordenamiento jurídico.

Por otro lado, de la lectura de todos los incisos del Artículo 1198 del Código Civil 2020, *supra*, se demuestra la intención del legislador de realizar una distinción entre los incapaces y los menores. De lo contrario, no tendría ningún sentido la distinción de los términos usados en los incisos (a) y (e) en comparación con el (c). En este sentido, presumir que el legislador hace referencia a los menores de edad cuando se refiere a los incapaces tiene su génesis en la implementación de un método textualista, principalmente, sobre la redacción de un artículo. Ello es así, debido a que, como explicamos, el Artículo 104 del Código Civil del 2020, en su inciso (a), *supra*, establece que el menor no emancipado tiene restringida su capacidad de obrar por sí.

Asimismo, podemos observar que el legislador pretende distanciar la figura de los menores de la de los incapaces,[12] en cierto aspecto, considerando que la restricción de capacidad de los menores se supera con la mayoría de edad o con la emancipación, contrario a la de los incapaces. Por ejemplo, pausar la prescripción en el caso de un menor, no causa una incertidumbre infinita como la que pudiera provocar el caso de un incapaz cuya restricción, para

---

[12] Cabe destacar que en nuestro Código Civil de 2020 se encuentran más de 20 artículos en los que el legislador hace una distinción expresa entre los incapaces y los menores, esto son los artículos 104-106, 118, 129, 137-139, 143-144, 149, 151-152, 155, 162, 164-165, 168, 190, 266, 407, 446, 500, 505, 621, 658, 675, 716, 1198, 1575, 1757.

ejercer su causa de acción, no podrá ser superada al advenir a la mayoría de edad. Así que, al realizar esta diferenciación somos del criterio que el legislador pretende proteger los derechos de los menores de edad y, en especial, garantizar que subsistan las acciones que estos tengan a su favor mientras dure la minoridad.

En fin, resulta forzoso colegir que, en el caso de epígrafe, el término de prescripción no ha comenzado a transcurrir mientras la menor conserve su minoridad. De manera que la causa de acción puede ejercerse a través de sus padres. Por lo que, el error no fue incurrido por el foro revisado.

**IV.**

Por los fundamentos antes expuestos, procede expedir el auto de *certiorari* y confirmar la determinación recurrida de la *Sentencia Parcial*. En consecuencia, devolvemos el caso ante la consideración del Tribunal de Primera Instancia para la continuación de los procedimientos, acorde con lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones